Herbert B. STELTER, dba Golden Fleece,
Appellant,

v.

Robert S. CALVERT et al., Appellees.

No. 11761.

Court of Civil Appeals of Texas,
Austin.

June 10, 1970.

Moore & Putnam, Gene E. Putnam, Houston, for appellant.

Crawford C. Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., John R. Grace, and Gordon C. Cass, Asst. Attys. Gen., Austin, for appellees.

HUGHES, Justice.

Herbert B. Stelter, dba Golden Fleece, appellant, sued Robert S. Calvert, Comptroller of Public Accounts for the State of Texas and the State of Texas to recover certain taxes paid by him under protest.

The Trial Court sustained a plea to the jurisdiction of the court and dismissed appellant's suit. We affirm.

The Trial Court made the following findings of fact which are undisputed: The Comptroller received from appellant a tax payment, under protest, of $1,179.06 on April 22, 1969, and received a tax payment of $602.40, under protest, on April 28, 1969. This suit was filed August 6, 1969, against the parties above named.

Art. 7057b, Sec. 1, Vernon's Ann.Tex. Civ.St., provides that certain taxes believed to be unlawfully assessed may be paid under protest and Sec. 2 authorizing suits for the recovery of such taxes provides, in part, as follows:

"Sec. 2. Upon the payment of such taxes or fees, accompanied by such written protest, the tax-payer shall have ninety (90) days from said date within which to file suit for the recovery thereof in any court of competent jurisdiction in Travis County, Texas, and none other. Such suit shall be brought against the public official charged with the duty of collecting such tax or fees, the State Treasurer and the Attorney General."

Practically identical provisions to those above cited and quoted are found in Art. 1.05, Title 122A, Taxation-General, Vol. 20A, V.A.T.C.S.

■ We believe, and hold, that these statutes plainly require suit to recover taxes paid under protest to be filed against the officials named or indicated within 90 days from the date such taxes are paid. Taxes are paid when the amount thereof is received by the proper official in cash or

its equivalent. Muldrow v. Texas Frozen Foods, 157 Tex. 39, 299 S.W.2d 275 (1957), City of San Angelo v. Deutsch, 126 Tex. 532, 91 S.W.2d 308 (1936).

■ Since appellant's suit was not filed within ninety days from the dates on which the taxes sued for were paid, the Trial Court did not err in dismissing such suit. See Union Central Life Ins. Co. v. Mann, 138 Tex. 242, 158 S.W.2d 477 (1942).

We need not determine whether appellant, had he timely filed his suit, could amend after the expiration of the ninety day period so as to sue the officials named in the above statutes.

The above determinations end this case but in justice to appellant we recite other facts deemed by him to be important.

On April 3, 1969, the Comptroller wrote to appellant (Golden Fleece) he had received his admission tax report showing $1,068.60 taxes due, but no remittance enclosed. By adding $106.08 penalty and $3.-60 interest appellant was advised that the amount due was *$179.06*. On April 23, 1969, the Comptroller wrote appellant that his letter of April 3 was in error and that the amount actually due was $3,595.61. On May 8, appellant wrote the Comptroller reciting that he had sent his check for $1,-179.06 for taxes and requested that this check be returned in order that a new check for $3,595.61 for taxes might be issued.

On May 13 the Comptroller wrote appellant that his check in the sum of $1,-179.06 had been processed and the amount placed in the protest account. He advised that the balance due was $2,416.55, to which interest at 40¢ per day from *April 22*, should be added.

On May 22 the Comptroller wrote appellant a letter from which we quote:

"This is to acknowledge receipt of your remittance in the amount of $602.40 in

the payment of State Admissions Tax. We note you have paid this money under protest in accordance with Article 1.05 of Vernon's Texas Civil Statutes, Chapter 1. Article 1.05 reads as follows: * * *

We shall hold this money in the Suspense account of this Department for 90 days. During the 90 days if suit for recovery is not filed, this money will be allocated to its proper fund."

It is to be noted that this letter does not refer to the $1,179.06 payment made on April 22.

Appellant contends that he was led to believe from this letter that he had ninety days from May 22 within which to file suit.

■ We do not believe this letter subject to this construction. The letter does not state when the $602.40 was received. It was received on April 28 and on that date the Comptroller began holding it. Appellant knew that he had mailed his remittance prior to April 28. It was his duty to pay his taxes in cash or its equivalent and, of necessity, he must have known, at least legally, when this occurred. There is no authority for the payment of taxes by check. Muldrow, supra.

■ When this suit should have been filed is a matter of law determined by facts within the knowledge of appellant or with which knowledge he is charged as a matter of law. Appellant is presumed to know the law. Furthermore, it is our opinion that the Comptroller did not advise appellant contrary to the law.

The judgment of the Trial Court is affirmed.

Affirmed.