

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

November 15, 1971

Honorable Robert S. Calvert                    Opinion No. M- 996
Comptroller of Public Accounts
Austin, Texas                                  Re:  Time for refunding
                                                    of tax payments
                                                    under protest upon
                                                    Comptroller's
Dear Mr. Calvert:                                   determination.

In response to your request, our Opinion No. M-140 (1967) was issued, which in substance held that Articles 1.11A and 1.045, Title 122A, Taxation-General, Vernon's Civil Statutes, authorize the Comptroller, within the limitation period provided in Article 1.045, to pass upon the validity of claims for refunds of taxes and fees paid to him and to issue warrants in payment of those found to have been paid under a mistake of fact, or under a mistake of law under duress.

You now request our opinion whether payments made under protest and paid into the Suspense account, pursuant to Article 1.05, of Title 122A, the claims for refund thereof having been administratively determined by you to be valid, can be refunded by you by warrants under each of the following three situations:

> "a.  The determination is made prior to expiration of the 90-day period and before suit is filed;
>
> "b.  The determination is made after suit is filed.
>
> "c.  The determination is made subsequent to expiration of the 90-day period and suit was not filed by taxpayer".

In the event the Comptroller is not precluded by pendency of suit (with the taxpayer to whom the refund is contemplated) from administratively

-4857-

determining that as a result of mistake of law
or fact the taxpayer is due a refund by reason of
overpayment, how may the Defendant Comptroller
afford relief to Plaintiff taxpayer without
litigating the suit?

"Would a settlement in court be necessarily
required?"

Article 1.05, Vernon's Civil Statutes, provides for the
payment of certain taxes and fees under protest and prescribes
a ninety (90) day period within which suits may be filed
for their recovery.

We construe your request to relate only to monies paid
under protest into and held in the Suspense account pursuant
to Article 1.05 of Title 122A,  These monies may be refunded
by the Court under the provisions of Article 1.05 (5) or
they may be refunded by you under prior Attorney General
Opinion Nos.  WW-1169(1961 and WW-277(1957) where suit is
not pending; see also Daniel v. Richcreek, 118 S.W.2d 935,
937 (Tex.Civ.App. 1938, no writ).

Our prior Opinion No. M-140 (1967) does not relate to
monies paid into and held in the Suspense account.  While
the monies therein considered m ight have been paid originally
into the Suspense account, our Opinion and Article 1.11A
of Title 122A (and other Articles) therein considered make
plain that the source of the funds from which payment was
refunded to the taxpayer was "... from any funds appropriated
for such purpose," as authorized in Article 1.11A.

Your authority to make refunds from monies paid into
and held in the Suspense account is a separate, unrelated
and supplemental authority to the authority granted to you
under Article 1.11A and considered in our former Opinion
No. M-140.

The remedy afforded by Article 1.05 is not exclusive,
but is cumulative.  Union Cent. Life. Ins. Co. v. Mann,
138 Tex. 242, 158 S.W.2d 477 (1941).  The provision of
Article 1.11A that payment of the refund shall be "... from
any funds appropriated for such purpose" clearly evidences
the Legislative intent that the remedy afforded by that
Article is in addition to any remedy afforded by Article 1.05.

The ninety (90) day period provided in Article 1.05 is a limitation period for the filing of suit for recovery of payments and has no bearing on the period in which the Comptroller can refund a claim upon his own determination. The limitation period for an administrative determination refund, as pointed out in Attorney General's Opinion M-140, is that period set out in Section (G) of Article 1.045, that is, the same period of time within which the Comptroller may assess a deficiency with respect to the tax in question.

In answer to situations "a" and "c" of your request, you are advised that in view of the foregoing considerations, the payments made under protest may be refunded in those instances where the claims have been administratively determined by you to be valid, except where the same issue of legality is the subject of pending litigation in which the Comptroller is a party, and provided further that the period of limitations for the administrative refund has not expired. If the period of limitation has expired, you would be prohibited by the terms of Section (G) of Article 1.045 from issuing any refund unless the taxes were paid under protest and their refund or credit be decreed by order of the Court.

It should be noted in connection with situation "c" that if the 90 days period for filing suit has expired and suit was not filed, Article 1.05, Section (5) requires that under such circumstances the account be transferred out of the Suspense fund into the appropriate fund in the state treasury. See also Article 4388, Vernon's Civil Statutes. Thus the Suspense fund is no longer available out of which the taxes may be refunded.

Our answer to your situation "b" is that a warrant for refund or tax credit may not be issued for so long as the case is pending in the court. The court has continuing jurisdiction of the parties and the subject matter until that jurisdiction is terminated.

Article 1.04 (1), Title 122A, in its relevant portion reads,

> "All delinquent State taxes and penalties therefor due and owing to the State of Texas, of every

> character whatsoever, ... and all other State
> taxes which become delinquent other than State
> ad valorem taxes on property <u>shall be recovered</u>
> <u>by the Attorney General in a suit brought by</u>
> <u>him in the name of the State of Texas.</u>"
> (Emphasis Added)

Article 1.05 makes two relevant provisions. In its
subdivision (1) is the provision that suit under that
Article

> "... shall be brought against the public official
> charged with the duty of collecting such tax
> or fees, the State Treasurer <u>and the Attorney</u>
> <u>General</u>. ..."   (Emphasis Added)

In subdivision (5) is the following,

> "If suit is not brought within the time and
> within the manner provided in this Article, or
> in the event it finally be determined in such
> suit that the sums of money so paid ... belong
> to the State, then and in that event it shall
> be the duty of the State Treasurer to transfer
> such money from the Suspense account to the
> proper fund of the State ..."

Also <u>Daniel v. Richcreek</u>, supra, in accord.

The Attorney General is <u>both</u> party defendant and legal
counsel for all party defendants. Our opinion is that
any amicable settlement of the claim by the parties plaintiff
and defendants during pendency of the suit must be with
his joinder and consent.

However, you are further concerned and inquire whether,
in the event the Comptroller upon further deliberation
concludes that the taxpayer is due the refund or credit as
a result of mistake of fact or mistake of law, the matters
must necessarily be litigated or a court settlement is
necessarily required before the plaintiff taxpayer may
obtain any relief. As long as the suit is in court,

the matter would have to be decided and disposed of by final judgment entered in the cause.  On the other hand, in the event the suit is dismissed and is no longer pending, then the taxpayer is not necessarily precluded from perfecting his claim with the  Comptroller, who may then approve the same if he administratively determines that refund is due by reason of overpayment caused by mistake of fact or law, and the Comptroller may cause a warrant to be issued for the refund, payable out of the Suspense fund.  Attorney General Opinion WW-277(1957) and WW-1169(1961).  This relief is available only if the funds are still in the Suspense account.

## -S U M M A R Y-

Taxes and fees paid to the State Comptroller under protest pursuant to Article 1.05, Title 122A, Taxation-General, V.C.S., may be refunded upon his administrative determination within the period in which he may assess a deficiency for the tax, without the necessity of a law suit by the taxpayer.  Art. 1.05 and Attorney General Opinion Nos. WW-277(1957 and WW-1169(1961).

So long as a law suit is pending in Court, a warrant for refund or tax credit may not be issued.  If the suit is dismissed, the taxpayer is not necessarily precluded from perfecting his claim with the Comptroller, who may then approve the same if he administratively determines that refund is due by reason of overpayment caused by mistake of fact or of law and the Comptroller may issue warrant for the refund payable from the funds still held in the Suspense account.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by R. L. Lattimore
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

James Broadhurst
Arthur Sandlin
John Banks
John Reeves

SAM MCDANIEL
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant