**Bob BULLOCK, Comptroller of Public Accounts, et al., Appellants,**

v.

**ELECTRO–SCIENCE INVESTORS, INC., et al., Appellees.**

**No. 12340.**

Court of Civil Appeals of Texas, Austin.

Feb. 18, 1976.

John L. Hill, Atty. Gen., Gordon C. Cass, Asst. Atty. Gen., Austin, for appellants.

Richard L. Jackson, Johnson, Bromberg, Leeds & Riggs, Dallas, for appellees.

O'QUINN, Justice.

Electro-Science Investors, Inc., and three other interested corporations brought this suit in July of 1974 to recover $6,779.64 in corporate franchise taxes paid to the State of Texas under protest.

This appeal is from the third of a series of judgments, beginning with the first judgment in district court entered July 10, 1968. Judgment in 1968 was entered after consolidation in trial court of three cases involving identical issues, heard by the court without a jury.[1]

In that action Electro-Science and the other appellants in this appeal sought recovery of $97,820.86 plus interest, and the trial court awarded judgment for the taxpayers, and directed refund of the taxes paid under protest. (441 S.W.2d 249, *post*)

On appeal from that judgment this Court reversed the judgment of the district court and entered judgment that the taxpayers take nothing. *Calvert et al. v. Capital Southwest Corporation et al.,* 441 S.W.2d 247 (Tex.Civ.App., Austin 1969, writ ref. n. r. e., app. dism'd, 397 U.S. 321, 90 S.Ct. 1120, 25 L.Ed.2d 336).

Prior to consolidation of the causes and entry of judgment in July of 1968 Electro-Science and its associates, in Cause No. 127,416, moved to sever from other aspects of the case certain issues pertaining to two specified tax periods. Plaintiffs contended that (1) in one period the Comptroller had employed a wrong method of computation resulting in an excess payment of $9,842.79 and (2) in the other period an overpayment had been made in the sum of $6,743.70.

The trial court ordered these issues severed for later trial in Cause No. 127,416A, and in the judgment of 1968 affirmed its order of severance, after directing the Comptroller "to issue and deliver . . . warrants . . . to cover the refunds from the Suspense Account of the State Treasury in the amount of $97,820.86" to the Electro-Science group.

In Cause No. 127,146A, the severed action, the corporate taxpayers moved, in August of 1973, for summary judgment "as prayed for in their pleadings," and the State also moved for summary judgment.

The trial court, on November 9, 1973, denied the State's motion and granted the motion of Electro-Science and awarded judgment for $9,842.79, the sum claimed by the taxpayers to be due them by reason of a wrong calculation by the Comptroller.

For reasons not disclosed by the record or by the briefs filed on appeal, the issue as to overpayment in a different tax period, in the amount of $6,743.70, was not presented to the trial court and the judgment did not purport to deal with this sum. Judgment for $9,842.79 was affirmed by this Court in 1974. *Calvert et al. v. Electro-Science Investors, Inc. et al.,* 509 S.W.2d 700 (Tex.Civ. App., Austin, no writ).

Electro-Science and its allied companies brought this separate action, as already observed, in July of 1974 to recover the sum of $6,779.64. The sum ordered severed in 1968 was $6,743.70. The trial court entered judgment in April of 1975 awarding Electro-Science the sum of $6,743.70.

It appears undisputed that the entire amount of taxes paid under protest, and sued for in the earliest action filed by Electro-Science, was $107,663.65, and that the sum of $9,842.79 recovered by the taxpayers in the second case (509 S.W.2d 700), is precisely the difference between the sum originally sued for and the figure of $97,820.86, as to which, by judgment of this Court, the taxpayers were denied any recovery. (441 S.W.2d 247) It follows that the sum of $6,743.70 awarded by the trial court in the cause now on appeal was included in the sum of $97,820.86 in the first appeal.

The State contends that because the amount of money ($6,743.70) severed from the original cause was not separated from the funds in the main suit, but allowed to remain in the judgment in that case for $97,820.86, the judgment in that action disposed of the lesser sum and it is controlled by the judgment this Court rendered deny-

---

1. *Capital Southwest Corp. v. Calvert et al.* (No. 128,252), *Electro-Science Investors, Inc. v. Calvert et al.* (No. 127,416), and *Tex-* as *Capital Corporation v. Calvert et al.* (No. 127,415) were consolidated and heard by the court as Cause No. 128,252.

ing Electro-Science and associates recovery of $97,820.86. The State admits, "Apparently, it was an oversight on the part of all parties involved, the resulting effect being that all legal process attempted in the severed cause of action (No. 127,416A) as to the said sum of $6,743.70, as well as the pleadings and judgment in this cause of action is without force or effect."

The State points out that the sum of $6,743.70, included in judgment of this Court in 1969, has been transferred pursuant to statute to the general revenue of the State. The State contends that the Comptroller has no funds from which to pay the instant judgment for $6,743.70.

Electro-Science brought this suit pursuant to provisions of Article 1.05 (Title 122A, Taxation-General, vol. 20A, V.A.T.S.) "for the recovery of sums of money heretofore paid by Plaintiff under protest as Corporate Franchise Taxes, penalty and interest under the Act." In its petition, filed July 15, 1974, Electro-Science alleged:

(a) ". . . during the tax periods for 1962 and 1963, the Plaintiffs have overpaid franchise taxes due to the State . . . in the amount of . . . ($6,779.64). This overpayment has been acknowledged and admitted by representatives of the State . . . and of the Comptroller's Office, and, in fact, refund of such amount has been promised by representatives of those offices to representatives of the Plaintiff."

(b) ". . . the Defendants have now taken the position that such monies will not be paid in spite of their undisputed liability for the payment of such, and although numerous demands have been made on behalf of Plaintiffs that the admittedly overpaid sums due be refunded to them, they have failed and refused and continue to fail and refuse to pay such at the time of the filing of this suit."

Article 1.05 provides that upon payment of taxes accompanied by written protest, ". . . the taxpayer shall have ninety (90) days from said date within which to file suit for the recovery thereof in any court of competent jurisdiction in Travis County . . . and none other." The statute requires that suit be brought against the official collecting the tax, in this instance the Comptroller, and the State Treasurer and the Attorney General.

Electro-Science sued the proper officials but filed this suit in 1974, more than ninety days after the "tax periods of 1962 and 1963" when the tax presumably was paid under protest. This suit is not connected with, nor is it a continuation of, the original suit in which judgment was entered in July of 1968. That cause, and the severed portion, have been disposed of finally, and no part of the original suit remains to be litigated. This cause is a separate action brought to recover taxes on the express ground that representatives of the State have made admissions of liability and promised to make a refund, apart from any proceeding authorized by Article 1.05 to recover taxes, paid under protest.

■ In Article 1.05 the Legislature provided a special method to enable taxpayers who question validity of a tax to bring suit against the State in an effort to recover taxes paid under protest. *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 713 (1945), construing similar provisions in Article 7057b, V.A.T.S. The Act, which requires the protested tax monies to be held in suspense until suit is finished, meanwhile completely subject to judgment of the courts, provides valid means by which the taxpayer who prevails in court may recover both taxes and interest. *Rogers v. Daniel Oil and Royalty Co.,* 130 Tex. 386, 110 S.W.2d 891, 894 (1937).

■ The State may not be sued without its consent, and consent may be obtained only through action of the Legislature, either by general law, or by resolution or bill in specific cases. *State v. Isbell,* 127 Tex. 399, 94 S.W.2d 423 (Tex.Com.App.1936, opinion adopted). Since the Legislature by passage of Article 1.05 created a right not

existing at common law and prescribed a remedy to enforce the right, the courts may act only in the manner provided by the statute which created the right. *Union Central Life Insurance Co. v. Mann,* 138 Tex. 242, 158 S.W.2d 477, 481 (1941). Electro-Science has demonstrated no authority, and claims none, to bring this suit against the State, except such consent of the State as may be found in Article 1.05. This suit was not filed within ninety days from the date on which the taxes were paid under protest, as required by the statute, and the trial court was without jurisdiction to entertain the suit. *Stelter v. Calvert,* 456 S.W.2d 202 (Tex.Civ.App., Austin 1970, no writ).

For the reasons stated, the judgment of the trial court is reversed, and the cause is dismissed.

Reversed and Cause Dismissed.