**Henry OTT et al., Appellants,**

v.

**Lillian B. CUNNINGHAM et al., Appellees.**

No. 12390.

Court of Civil Appeals of Texas, Austin.

Feb. 18, 1976.

Robert E. Jenkins, Jr., Kershaw & Jenkins, Bastrop, James G. Boyle, Boyle & Yeager, Austin, for appellants.

James T. Odiorne, Bastrop, for appellees.

PHILLIPS, Chief Justice.

Appellants brought this suit against appellees in trespass to try title over a boundary dispute concerning a tract of land of approximately 2.4 acres. The suit presented three principal issues, namely, limitation title, conveyance of land by parol as an exception to the statute of frauds, and, lastly, damages. The case was tried before the court after which judgment was ren-

dered for appellees, the court holding that the parties orally agreed to the construction of a new fence between their two properties and that it would now be inequitable to remove that fence.

Appellants are before us on a number of points of error which present questions as to the sufficiency of evidence to sustain the court's judgment; as to a parol conveyance of the land in question, the question of possible improvements having been erected on the land by appellees and finally, but no less important, the question of whether title had been matured by the appellees through their adverse possession of the land in question.

However, we do not reach these points of error, for we find that we must sustain appellants' point of error that the court erred in failing to file findings of fact and conclusions of law. Consequently, we reverse the judgment and remand the case for a new trial.

Final judgment was entered on June 18, 1975. Appellants filed their first request for findings of fact and conclusions of law on June 26, 1975. Appellants then filed their second request for findings of fact and conclusions of law on July 22, 1975. No findings of fact and conclusions of law were ever filed by the court. Rules 296, 297, 299, Tex.R.Civ.P.

Rule 296, Tex.R.Civ.P., states that upon trial by the court, and, at the request of either party, filed within ten days from rendition of final judgment or order overruling motion for new trial, the judge shall state in writing the conclusions of fact found by him separately from the conclusions of law. In *Wagner v. Riske*, 142 Tex. 337, 178 S.W.2d 117 (1944), the Supreme Court held that failure of the trial court to file findings of fact and conclusions of law in compliance with Rule 296 constituted reversible error, where the complaining party complied with the requirements of the rule in an effort to secure such filing. The court further held that in such cases injury is presumed unless the contrary appears.

The record before us is silent as to what evidence the court found to be material to the case or upon what evidence it based its judgment. Thus a heavy burden has been placed upon the appellants in their effort to reverse the judgment. The record affirmatively shows that appellants have suffered injury by the court's failure to comply with the rule.

Since the judge who tried this cause has retired from the bench and is not available to correct the record by filing findings of fact and conclusions of law, as permitted under Rule 434, Texas Rules of Civil Procedure, we reverse the judgment and remand the cause for new trial.