**TEXAS INTERNATIONAL AIRLINES, INC., Appellant,**

v.

**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellee.**

**No. 12715.**

Court of Civil Appeals of Texas, Austin.

May 10, 1978.

Rehearing Denied May 31, 1978.

Sam Coats, Houston, for appellant.

John L. Hill, Atty. Gen., Gilbert J. Bernal, Jr., Asst. Atty. Gen., Austin, for appellee.

O'QUINN, Justice.

Texas International Airlines, Inc., now appellant, brought this suit to recover "special airline beverage service" fees imposed under Article 666–15(21)(e), V.A.P.C.,[1] which appellant paid under protest in the amount of $64,310.36.

After paying the assessed fees under protest, Texas International brought suit within ninety days from payment and protest, as permitted under Article 1.05, Title 122A, Taxation-General. The statute requires that suit ". . . be brought against the public official charged with the duty of collecting such tax or fees, the State Treasurer and the Attorney General." (Art. 1.05(2)). Appellant's original petition was filed on March 3, 1977, the ninetieth day after payment and protest, and named as defendant only the Texas Alcoholic Beverage Commission.

The Attorney General, in behalf of the Texas Alcoholic Beverage Commission, filed on March 18 a plea to the jurisdiction in which it was pointed out that Texas International had failed to bring suit against W. S. McBeath, Acting Administrator of the Texas Alcoholic Beverage Commission, who is the public official charged with the duty of collecting the fees, and also failed to sue the Attorney General and the State Treasurer, as required by Article 1.05. Seven days 'thereafter, on March 25, Texas International filed an amended petition naming as defendants the three public officials required by Article 1.05 to be sued as defendants.

Upon a finding that Texas International ". . . did not meet the jurisdictional requirements of Article 1.05 . . ." the trial court entered an order dismissing the suit with prejudice.

Texas International on appeal relies on two points of error:

(1) *First,* that it was error to dismiss the suit for noncompliance with Article 1.05 because suit is authorized as well by Article 7057b, Title 122, Taxation. Under this point appellant insists that section 7 of the latter article makes the statute cumulative of other laws relating to payment of fees and taxes of undetermined status and for holding such charges in the suspense account fund of the State Treasurer. By reason of these provisions, appellant urges its right to bring an action in *assumpsit,* for money had and received by the State, within two years as permitted by Article 5526.

---

1. The same fees are now imposed under Sec. 34.04(b), Texas Alcoholic Beverage Code, a recodification of the Texas Liquor Control Act, which was repealed with adoption of the Code by Acts 1977, 65th Leg., ch. 194, pp. 391–558, effective September 1, 1977.

(2) *Second,* appellant claims error in failure of the trial court to grant the amended petition a liberal construction under Texas pleading rules, even though compliance with Article 1.05 be found mandatory.

We will overrule the points of error and affirm judgment of the trial court.

The provisions of Article 1.05(1)(2), enacted in 1959, and provisions of Article 7057b, secs. 1 and 2, enacted in 1933 and as amended in 1939, are substantially identical in language and prescribe the same standards for compliance by the taxpayer who desires to bring suit to recover taxes. Both statutes require payment of the tax or fee, accompanied by a written protest setting out the grounds for protest, and that suit, if brought, be filed within ninety days after payment and protest. Both statutes require that the official having the duty to collect the fee or tax, the Attorney General, and the State Treasurer be made parties defendant in a suit for recovery of the taxes or fees paid. The issues to be determined in the lawsuit are limited to those arising from grounds stated in the taxpayer's written protest. Venue for such suits is fixed by the statutes in Travis County.

The Supreme Court held in *State v. Isbell,* 127 Tex. 399, 94 S.W.2d 423 (1936), ". . . a state cannot be sued without its consent, and then only in the manner, place, and court or courts designated." The Supreme Court also held that consent may be obtained only through action of the Legislature, either by general law, or by concurrent resolution or special act of the Legislature. (94 S.W.2d 424).

■ By passage of Articles 7057b and 1.05 the Legislature provided a specific method and procedure to enable taxpayers who question validity of a tax or fee to bring suit against the State in an effort to recover the taxes or fees after payment under protest. *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 713 (1945). These statutes, sometimes referred to as "protest" statutes, created a right which did not exist at common law and prescribed a remedy to enforce such right, and ". . . the court

can act only in the manner provided by the statute which created the right." *Union Central Life Insurance Co. v. Mann,* 138 Tex. 242, 158 S.W.2d 477, 481 (1941). See also *Stelter v. Calvert,* 456 S.W.2d 202, 203 (Tex.Civ.App. Austin 1970, no writ); *Bullock v. Electro-Science Investors, Inc.,* 533 S.W.2d 892, 894 (Tex.Civ.App. Austin 1976, no writ); *Nu-Way Oil Co. v. Bullock,* 546 S.W.2d 336, 340–1 (Tex.Civ.App. Austin 1976, no writ); *Robinson v. Bullock,* 553 S.W.2d 196, 197 (Tex.Civ.App. Austin 1977, writ ref'd n. r. e.).

Although in *Stelter, supra,* this Court decided the suit was not timely filed because brought more than ninety days after payment and protest, consideration was given to the fact that only one official was named a party defendant in the suit. "We do not determine," the Court stated, "whether appellant, had he timely filed his suit, could amend after the expiration of the ninety day period so as to sue the officials named in the above statutes [Arts. 7057b and 1.05]." The Court did state, nevertheless, "We believe, and hold, that these statutes plainly require suit to recover taxes paid under protest to be *filed against the officials named or indicated* within 90 days from the date such taxes are paid." (Emphasis added) 456 S.W.2d 203.

In *Electro-Science Investors, supra,* this Court found that although "Electro-Science *sued the proper officials . . .*" since the suit was not filed within ninety days from payment and protest, ". . . the trial court was without jurisdiction to entertain the suit." 533 S.W.2d 894–5.

■ We hold that Texas International's failure to comply with the statute and name as parties defendant the officials required by statute to be sued constituted a jurisdictional defect and foreclosed its cause of action under Articles 7057b and 1.05.

Texas International contends that because Section 7 of Article 7057b provides that the statute "shall be cumulative of all laws relating to payments of taxes or fees of undetermined status and for the holding thereof in the suspense account fund," the

**696**

remedy by way of Articles 1.05 and 7057b is not exclusive. Section 7 was examined by the Supreme Court in *Union Central Life Insurance Co. v. Mann, supra,* and the Court stated, "As applied to the facts of this case, the statutory provision . . . [Section 7] evidently means to say that the protest statute of which it is a part is not intended to destroy the legal right of reimbursement for taxes wrongfully demanded and collected under duress, but that such protest statute is merely cumulative of such right; or, stated in another way, is in addition thereto." 158 S.W.2d 481.

■ Texas International cannot escape the rule, however, that a suit for refund of taxes on grounds of another cause of action may be brought only when authorized by the Legislature. *National Biscuit Company v. State,* 134 Tex. 293, 135 S.W.2d 687 (1940); *Union Central Life Insurance Co. v. Mann, supra; State of Texas v. Connecticut General Life Insurance Co.,* 382 S.W.2d 745 (Tex.Sup.1964); *Commercial Standard Fire and Marine Co. v. Commissioner of Insurance,* 429 S.W.2d 930 (Tex.Civ.App. Austin 1968, no writ).

■ The holdings in these cases make it clear that consent of the State to be sued in tax and fee matters, as established by Articles 7057b and 1.05, does not by virtue of Section 7 extend also to other causes of action.

Texas International presents no authority, and claims none, to bring suit against the State, except such consent of the State as may be found in Articles 7057b and 1.05. Appellant cannot now assert another and different cause of action against the State. See *Electro-Science Investors, supra,* 533 S.W.2d 895.

The judgment of the trial court, dismissing the suit with prejudice, is in all things affirmed.

Affirmed.