CONTRAN CORPORATION, Appellant,

v.

**Bob BULLOCK, Comptroller of Public Accounts, et al., Appellees.**

No. 12751.

Court of Civil Appeals of Texas, Austin.

June 14, 1978.
Rehearing Denied July 5, 1978.

Richard H. Hogle, Kolodey & Thomas, Dallas, for appellant.

John L. Hill, Atty. Gen., Myra A. McDaniel, Asst. Atty. Gen., Austin, for appellees.

O'QUINN, Justice.

By this lawsuit Contran Corporation sought to recover corporate franchise taxes it alleged had been "paid under protest, under implied duress, and through mistake of law and/or [sic] fact." In compliance with statutory requirement Contran named as defendants the Comptroller of Public Accounts, the Attorney General, and the State Treasurer.

Contran did not allege statutory or legislative resolution as the State's consent to be sued, nor did Contran claim it had complied with any particular statute which grants consent to contest taxes alleged by the taxpayer to have been illegally collected.

The record shows that the franchise tax was paid on December 22, 1970, but the record does not show that Contran accompanied ". . . payment with a written protest, setting out fully and in detail each and every ground or reason why it is contended that such demand [for payment] is unlawful or unauthorized," in conformity with Article 1.05, Title 122A, Taxation-General.

Contran does not insist that written protest setting out grounds therefor accompanied payment of the tax, but argues that correspondence between Contran and the

Comptroller prior to payment made the Comptroller "aware of the specific ground of the . . . protest at the time the tax was paid." At the time of payment, however, Contran did not reiterate or summarize grounds and reasons for resistance of the tax. In fact, payment was made without indication it was a payment under protest.

Both parties moved for summary judgment in district court. The trial court denied Contran's motion and granted the State's motion, and entered judgment that Contran take nothing by its suit. We will affirm judgment of the trial court.

Contran Corporation is successor in interest to Madigan Corporation. In 1969 Mading-Dugan Company, a Maryland corporation, was doing business in Texas with all its assets and business activities situated in Texas. On April 29 of that year Mading-Dugan of Texas, Inc., a Texas corporation, was formed to merge with the Maryland corporation and assume and continue the existing business activities of Mading-Dugan Drug Company. Thereafter, on May 21, 1969, the Maryland corporation was merged with the Texas corporation, as the surviving entity. When articles of merger were filed with the Secretary of State (of Texas), the Texas corporation contemporaneously changed its name to Mading-Dugan Drug Company. Late in 1969 the corporation took the name of Madigan Corporation, to which Contran is now successor in interest.

The controversy concerning franchise taxes arose after the Maryland corporation was required, prior to acceptance of the articles of merger, to pay the Texas franchise tax for the period from May 1, 1969, through April 30, 1970. Thereafter, when the Texas corporation filed its initial franchise tax return, it assumed that no franchise tax would be due for the same period because of the payment by the Maryland corporation. The Comptroller disagreed and assessed the Texas corporation from time of its incorporation in 1969 through April 30, 1970, using as measurement of the tax the same capital base, assets, and busi-

ness operations possessed by the Maryland corporation prior to and at the time of merger.

The position of the Comptroller is that (1) two separate corporations existed before the merger, (2) each corporation had the right to do business in Texas prior to the merger, (3) the Texas franchise tax is levied on the *right* to do business and not on *exercise* of the right, and (4) no provision is made in the Franchise Tax Act for apportioning the tax according to the length of time a corporation is actually in business.

The State also contended in district court, and contends on appeal, that Contran failed to assert by its pleadings "any statutory authority which invokes the jurisdiction of" the court, and in particular failed "to allege or comply with the statutory requirements for recovery of taxes believed by Plaintiff to have been wrongly collected from it." The position of the State is correct, and we sustain its contention that the district court was without jurisdiction to entertain the suit and therefore properly entered judgment that Contran Corporation take nothing by its suit.

 The State may not be sued without its consent, and consent may be obtained only through action of the Legislature, either by general law, or by resolution, or by bill in specific instances. *State v. Isbell,* 127 Tex. 399, 94 S.W.2d 423 (1936); *Bullock v. Electro-Science Investors, Inc.,* 533 S.W.2d 892 (Tex.Civ.App. Austin 1976, no writ). In bringing suit against the State, the petitioner must allege and prove consent, failing in which the court is without jurisdiction to hear the case. *Walsh v. University of Texas,* 169 S.W.2d 993, 994 (Tex. Civ.App. El Paso 1942, writ ref'd).

 In certain areas of taxation, including franchise taxes, the Legislature provided a special method to enable taxpayers, who question validity of a tax, to bring suit against the State in an effort to recover taxes paid under protest. Article 1.05; Article 7057b, V.A.C.S. See *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 713 (1945); *Bullock v. Electro-Science Inves-*

*tors, supra,* 533 S.W.2d 894. Requirements of these statutes have been held to be jurisdictional, and failure to file a written protest, accompanying payment of the tax, deprives the courts of jurisdiction. *Nu-Way Oil Co. v. Bullock,* 546 S.W.2d 336 (Tex.Civ. App. Austin 1976, no writ); *Robinson v. Bullock,* 553 S.W.2d 196 (Tex.Civ.App. Austin 1977, writ ref'd n. r. e.).

■ Contran did not accompany its payment of the tax with a protest in writing, setting out all grounds and reasons for the contention by Contran that the tax was unlawful or unauthorized. The taxpayer thus failed to provide jurisdictional prerequisites for bringing suit. The Legislature through Articles 1.05 and 1.06 created a right not existing at common law, and the courts must act in the manner provided by statute. *Robinson v. Bullock, supra.*

Since the courts are without jurisdiction to examine the merits of Contran's contention as to unlawful taxation, we do not reach that issue.

Judgment of the trial court is affirmed.

Affirmed.