Bob BULLOCK, Comptroller of Public Accounts, et al., Appellants,

v.

Pansy ADICKES, Appellee.

No. 13012.

Court of Civil Appeals of Texas, Austin.

Jan. 9, 1980.

Rehearing Denied Jan. 25, 1980.

Mark White, Atty. Gen., Diane Van Helden, Asst. Atty. Gen., Austin, for appellants.

Joe Milner, Karen L. Kretschman, Legal Asst., Milner & Smith, Austin, for appellee.

O'QUINN, Justice.

The controlling issue in this appeal is whether the trial court had jurisdiction to enter judgment ordering refund of state sales taxes paid under protest, in the sum of $2,361.94, together with accrued interest.

The issue of jurisdiction was decided against the State in July of 1978 by one district judge in Travis County and was heard on the merits in November by another judge who in December, 1978, entered judgment awarding recovery of the taxes.

The State has properly preserved error on the issue of jurisdiction in its appeal from final judgment. We will reverse the final judgment of the trial court and render judgment that the cause be dismissed for want of jurisdiction.

In order to place disposition of this appeal in proper perspective, a brief statement of administrative proceedings prior to suit, together with chronological order of the filing of pleadings and the nature of each, is deemed appropriate.

Pansy Adickes, as owner of a drugstore in Hemphill, Texas, was subject to collection and payment of sales taxes imposed by the State. After audit conducted by the Comptroller of Public Accounts, covering the period of 1972 through 1975, a deficiency determination was issued in July of 1976. Adickes requested a redetermination hearing, and on September 30, 1977, the Comptroller rendered a decision adjusting the deficiency. Request for rehearing was denied on October 20, 1977.

Thereafter, on November 15, 1977, Adickes filed suit in district court of Travis County against the Comptroller as the only defendant, and without payment of the tax, alleging jurisdiction solely under Section 19(b)(1) of Article 6252–13a, V.A.T.S., the Administrative Procedure Act. The Comptroller specially excepted to Plaintiff's Original Petition early in December of 1977 on the ground that the taxpayer had failed to pay the tax under written protest as required by Article 1.05 and Article 20.10(G), Title 122A, Taxation-General.

Two months later, on February 2, 1978, plaintiff below paid the disputed taxes to the Comptroller and accompanied payment with written protest as required by Article 1.05. Subsequently, on May 30, 1978, plaintiff filed a First Amended Original Petition, in which for the first time, plaintiff named as defendants, in addition to the Comptroller, the Attorney General and the State Treasurer, but continued to plead "jurisdiction and venue pursuant to Section 19(b)(1) of . . . " Article 6252–13a, V.A.T.S., but prayed for relief under Article 1.05.

The attorney general, in behalf of the State officers sued, filed a plea to the jurisdiction early in June of 1978, based on failure of the taxpayer to comply with ". . . requirements of Article 1.05 . . . in that she failed to file suit within 90 days of payment of taxes and has failed to amend this suit to assert proper jurisdiction within 90 days of payment." The judge then presiding in the 250th Judicial District overruled the plea on July 12, 1978. Thereafter, on November 16, 1978, a judge other than the judge acting on the plea to jurisdiction, heard the cause on its merits and rendered judgment for the taxpayer on December 4, 1978.

For reasons not apparent on the face of the record, the taxpayer filed her Second Amended Original Petition on January 29, 1979, about 56 days following entry of final judgment, and for the first time pleaded that the trial court " . . . has jurisdiction and venue pursuant to Article 1.05 . . . and Plaintiff would show the Court that she has complied with the requirements of such statute, which confers jurisdiction upon this Court."

From the final judgment, the State appeals and brings two points of error. We regard disposition of the first point as controlling and will not reach the last point. The State, under the first point, asserts error of the trial court " . . . as a matter of law in overruling appellants' pleas to the jurisdiction because appellee failed to timely file her suit and name the statutory defendants."

Article 1.05, Title 122A, Taxation-General, in authorizing protest as prerequisite to suit and in allowing suit for recovery of taxes, provides:

"(1). *Protest.* Any person, firm, or corporation who may be required to pay to the head of any department of the State Government any occupation, gross re-

ceipts, franchise, license or other privilege tax or fee, and who believes or contends that the same is unlawful and that such public official is not lawfully entitled to demand or collect the same *shall . . be required to pay such amount* as such public official charged with the collection thereof may deem to be due the State, and *shall be entitled to accompany such payment with a written protest, setting out fully and in detail each and every ground or reason why it is contended that such demand is unlawful or unauthorized.* "(2). *Suits for recovery of taxes or fees. Upon the payment of such taxes or fees, accompanied by such written protest, the taxpayer shall have ninety (90) days from said date within which to file suit* for the recovery thereof in any court of competent jurisdiction in Travis County . . Such *suit shall be brought against the public official charged with the duty of collecting* such tax or fees, *the State Treasurer* and the *Attorney General . . .* " (Emphasis added).

█ It is settled that the following requirements of Article 1.05 are jurisdictional:

(1) That the taxpayer must pay the protested taxes before suit (*Robinson v. Bullock*, 553 S.W.2d 196, 198 (Tex.Civ.App. Austin 1977, writ ref'd n. r. e., *cert. denied*, 436 U.S. 918, 98 S.Ct. 2264, 56 L.Ed.2d 759); *Dan Ingle, Inc. v. Bullock*, 578 S.W.2d 193 (Tex.Civ.App. Austin 1979, writ ref'd)).

(2) That a written protest, setting out all grounds and reasons that the tax is claimed to be unauthorized, must accompany payment of the tax (*Robinson v. Bullock, supra,* p. 197; *Contran Corp. v. Bullock*, 567 S.W.2d 616, 618 (Tex.Civ.App. Austin 1978, no writ)).

(3) That suit must be filed within 90 days from the date on which the taxes were paid under protest (*Bullock v. Electro-Science Investors, Inc.*, 533 S.W.2d 892, 895 (Tex. Civ.App. Austin 1976, no writ); *Stelter v. Calvert*, 456 S.W.2d 202, 203 (Tex.Civ.App. Austin 1970, no writ); *Motorola, Inc. v. Bullock*, 586 S.W.2d 706, 709 (Tex.Civ.App. Austin 1979, no writ)).

(4) That the Comptroller, State Treasurer, and Attorney General must be joined as defendants (*Paris Milling Co. v. Bullock*, 583 S.W.2d 487, 489 (Tex.Civ.App. Waco 1979, no writ); *Texas International Airlines, Inc. v. Texas Alcoholic Beverage Commission*, 566 S.W.2d 693, 695 (Tex.Civ.App. Austin 1978, no writ)).

Failure to meet these requirements renders the trial court without jurisdiction to entertain the cause and requires its dismissal.

In the case on appeal, suit was filed in November of 1977, without prior payment of the taxes accompanied by written protest, and the taxpayer claimed jurisdiction of the court solely on the basis of Section 19 of Article 6252–13a. Subsequently, no doubt in response to exceptions filed in December in behalf of the Comptroller, at that time the only defendant sued, the taxpayer paid the taxes accompanied by written protest early in February of 1978, but did not amend her petition until May 30 to name the additional defendants required under Article 1.05, and at that time again pleaded jurisdiction of the court only by reason of Section 19 of the Administrative Procedure Act. After payment of the taxes under protest approximately four months elapsed before the taxpayer amended her pleadings.

The taxpayer contends that she met the requirements of Article 1.05 in that (1) she properly alleged jurisdiction in her original suit filed in November of 1977, based on Section 19; (2) she had a right to amend her petition late in May of 1978, more than 90 days following payment of the taxes under protest, because the court already had jurisdiction of her suit; and (3) her amended petition "related back" to the original date of filing in November of 1977, thus meeting requirements of Article 1.05.

In short, appellee taxpayer contends she properly invoked jurisdiction of the court under provisions of Section 19 of Article 6252–13a, even though she did not allege facts to show compliance with Article 1.05. This contention is without merit.

█ A plaintiff's petition " . . . must state facts which affirmatively show

the jurisdiction of the court in which the action is brought." *Richardson v. First National Life Insurance Co.*, 419 S.W.2d 836, 839 (Tex.1967); *Brown v. Peters*, 127 Tex. 300, 94 S.W.2d 129, 130 (1936). " . . . [I]f the original petition does not affirmatively allege jurisdictional facts concerning the subject matter of the suit . . . *the only jurisdiction which the court has is to dismiss the suit for want of jurisdiction.*" *Byke v. City of Corpus Christi*, 569 S.W.2d 927, 930 (Tex.Civ.App. Corpus Christi 1978, writ ref'd n. r. e.). (Emphasis added).

■ This Court in 1977 dealt with the question of whether " . . . compliance with Section 19(a) and (b) of Article 6252–13a . . . renders it unnecessary for the taxpayer to comply with Articles 1.05 and 1.06, Title 122A, Taxation-General, by paying the taxes before filing suit," in *Robinson v. Bullock, supra*, p. 197, col. 2:

"By Articles 1.05 and 1.06 (and the predecessor statutes, Articles 7057b and 7047j, V.A.C.S.) the Legislature provided a special method to enable taxpayers who question validity of a tax to bring suit against the State in an effort to recover taxes paid under protest. *Cobb v. Harrington*, 144 Tex. 360, 190 S.W.2d 709, 713 (1945); *Bullock v. Electro-Science Investors, Inc.*, 533 S.W.2d 892, 894 (Tex.Civ. App. Austin 1976, no writ). These statutes created a right not existing at common law and prescribed a remedy to enforce the right; therefore the courts may act only in the manner provided by the statutes which created the right. *Union Central Life Insurance Co. v. Mann*, 138 Tex. 242, 158 S.W.2d 477, 481 (1941); *Bullock v. Electro-Science Investors, Inc., supra.*

"To avail himself of the right granted under Articles 1.05 and 1.06, the taxpayer must comply with the statutes by making a written protest, setting out fully and in detail each and every ground or reason why it is contended that the demand for taxes is unlawful or unauthorized."

This Court further held in *Robinson* that Article 1.05 and Section 19 of Article 6252–13a should be construed "so as to allow both to stand," and that

"*Since appellant,* as a taxpayer seeking to question validity of the statute under which the Comptroller made the assessment, *failed to comply with requirements of Article 1.05 . . . the trial court . . . was without jurisdiction* to hear and decide the merits of appellant's suit." (Emphasis added). (553 S.W.2d 198, col. 2).

The same question again was before this Court in *Motorola, Inc. v. Bullock*, 586 S.W.2d 706, 709 (Tex.Civ.App. Austin 1979, no writ); in which it was stated:

"This Court in *Robinson v. Bullock* . . recognized that no . . . repugnancy exists between *Article 1.05, which grants the taxpayer a substantive right* . . and the *general procedural route provided by section 19* under which appeals may be made from adverse rulings of state agencies." (Emphasis added).

Jurisdiction is placed in the several courts by the Constitution of Texas and statutes enacted by the Legislature pursuant to authority of the Constitution. Article 6252–13a, Section 19, does not repeal or invalidate any of these *jurisdictional* statutes, but merely provides a *procedural* basis for appellate review of agency action if none other is provided by statute. *Robinson v. Bullock, supra.*

Since the requirements of Article 1.05 were not met by the taxpayer in her Original Petition, filed in November of 1977, the trial court acquired no jurisdiction to entertain the suit. The taxpayer insists that she had the right to amend her petition in May of 1978, and that this amendment related back to the date of filing the Original Petition in November of the year before.

In *United Production Corp. v. Hughes*, 137 Tex. 21, 152 S.W.2d 327, 330 (1941), suit was brought to compel the Land Commissioner to execute a certain lease. The Commissioner filed a plea to the jurisdiction alleging that the petition stated no cause of action. United Production asked leave to amend. The trial court denied leave to amend and dismissed the suit. The Supreme Court affirmed this action, and there held:

"Nothing is better settled than that, in a suit which the court is inherently without the power to hear and determine, any judgment rendered and all proceedings had in its relation are mere nullities. Under this fundamental rule, with the court destitute of all authority to give to the suit any cognizance, it is difficult to conceive that the filing of the petition could have any legal effect. *To constitute the proceeding 'a suit' or 'action,'* . . . *it is essential that it rest in a court with the power to hear it.* Without such a forum, it is not 'a suit,' since it lacks that which is as necessary to make it a suit as the petition itself." (Emphasis added). Also see: *Pecos & N. T. Ry. Co. v. Rayzor,* 106 Tex. 544, 172 S.W. 1103, 1104 (1915).

Because the taxpayer failed to allege requisite jurisdictional facts in her Original Petition in November of 1977, the district court did not have power to hear the cause. Inasmuch as the court had no authority to hear the suit, no cause of action was pending which the taxpayer would have a right to amend.

On appeal the taxpayer asserts she had a mandatory right to amend her original pleadings under Rules 62 through 65, Texas Rules of Civil Procedure, and in this contention places reliance on *Indemnity Insurance Company of North America v. Carrell,* 318 S.W.2d 744 (Tex.Civ.App. Waco 1958, writ ref'd n. r. e.). Appellee overlooks the language of the court in *Carrell* which clearly recognizes that amendments to pleadings will be allowed only if jurisdiction has attached: "*Once jurisdiction attaches,* the court has the power to permit pleadings to be amended and new parties to be made." (Emphasis added). (318 S.W.2d 748, col. 2).

The Supreme Court made it clear in *United Production Corp. v. Hughes, supra,* that prerequisite to amendment of pleadings is that jurisdiction rest in the court: "The rule is recognized that one cause of action may, by amendment, be substituted for another. *Ballard v. Carmichael,* 83 Tex. 355, 18 S.W. 734. But this *rule presupposes jurisdiction in the court* in which the causes of action have been filed and *cannot be*

*applied in an action such as this because the district court does not have jurisdiction to entertain it.*" (Emphasis added). (152 S.W.2d 330).

Thus it is clear that in this case jurisdiction did not attach with filing of the Original Petition in November of 1977. Thereafter the district court was without power to permit amendment, and any action permitting amendment was a nullity. It also follows that since the district court did not acquire jurisdiction, this Court has acquired no jurisdiction by appeal. *Able v. Bloomfield,* 6 Tex. 263 (1851); *Timmins v. Bonner & Long,* 58 Tex. 554 (1883); *Pettaway v. Pettaway,* 177 S.W.2d 285 (Tex.Civ.App. El Paso 1943, no writ). The only course for this Court is to reverse the judgment of the trial court and order the cause dismissed. *Pecos & N.T. Ry. Co. v. Canyon Coal Co.,* 102 Tex. 478, 119 S.W. 294, 295 (1909); *Perkins v. United States Fidelity & Guaranty Co.,* 299 S.W. 213, 219 (Tex.Comm'n App. 1927, jdgmt adopted); *Prince v. Garrison,* 248 S.W.2d 241, 244 (Tex.Civ.App. Eastland 1952, no writ).

The final judgment of the trial court is reversed, and judgment is here rendered that the cause be dismissed, and it is so ordered.