## MAGNOLIA PETROLEUM CO. v. STATE.
### No. 9518.

Court of Civil Appeals of Texas. Austin.
Nov. 7, 1945.

Rehearing Denied Nov. 28, 1945.

582

Dan Moody, of Austin, and Walace Hawkins, Earl A. Brown, and Charles B. Wallace, all of Dallas (Charles L. Black, of Austin, of counsel), for appellant.

Grover Sellers, Atty. Gen., and W. V. Geppert and C. K. Richards, Asst. Attys. Gen., for appellee.

Cecil C. Rotsch, of Houston, in support of appellant's second and third points.

McCLENDON, Chief Justice.

Appeal from an interlocutory order overruling a plea of privilege seeking to change the venue from Travis to Dallas County, where defendant (appellant) resided. The suit was brought on behalf of the State by the Attorney General "at the instance and request of the Comptroller of Public Accounts" against Magnolia (Magnolia Petroleum Company) to recover taxes for the years 1936-1941, inclusive, allegedly due and owing under the Chain Store Tax Law, H.B. 18, p. 1589, Chap. 400, 1st C.S. 44th Leg., 1935, codified as Art. 1111d, Vernon's Ann.P.C., upon filling stations alleged to be stores "opened, operated, established and maintained" by Magnolia.

The State predicated its right to hold venue of the suit in Travis County upon Arts. 7076 and 7076a, Vernon's Ann.Civ. St., which provide for the collection of all state taxes except ad valorem, and lay the venue of such suits in Travis County; which articles are copied in full in a footnote,[1] for ready reference.

---

[1] "Art. 7076. 7388 Penalties recovered by suit

"The penalties provided for by this Chapter shall be recovered by the Attorney General in a suit brought by him in the name of the State of Texas; and it is further provided that should any taxes or penalties provided for by this Chapter be found at any time to be delinquent, the State Tax Board, consisting of the Comptroller of Public Accounts, the Secretary of State, and the State Tax Commissioner, shall be authorized to bring suit for the recovery of same in the name of the State of Texas. The State Tax Commissioner is hereby authorized to appoint and employ investigators, attorneys, auditors, and/or other assistants as may be necessary to carry out the provisions of this Act as said State Tax Commissioner may deem advisable; providing further, that in no event shall said State Tax Board or the State Tax Commissioner make any contract of employment for the collection of delinquent taxes on a contingent fee basis. The State Tax Commissioner is further authorized to request and receive the assistance of the Attorney General and the heads and employes of all other Departments of the State Government to aid in the speedy recovery of such money or penalties due the State under the terms of this Chapter; and it shall be the duty of the Comptroller of Public Accounts, the Secretary of State, and other officials and heads of all State Departments and Agencies of the State Government, which are now, or may be charged with the administration and collection of State taxes and license fees, to certify to the State Tax Commissioner, within thirty (30) days after any State taxes or license fees become delinquent, the fact of such delinquency; and the State Tax Commissioner or his authorized representative shall have full and complete authority to investigate, inquire into, and examine the records of the various departments of the State Government charged with the collection of State taxes or license fees, for the purpose of ascertaining whether delinquencies in the payment of State taxes and license fees exist. The venue and jurisdiction of all suits arising hereunder is hereby conferred upon the courts of Travis County. It is further provided that for the purpose of carrying out the terms of this Act said State Tax Commissioner and said State Tax Board shall have the authority to examine at the principal or any other office in the United States of any person, firm, agent or corporation permitted to do business in this State, all books, records and papers and also any officers or employees thereof, under oath and failure or refusal of any person, firm, agent or corporation to permit such examination shall, upon certification of such refusal by the State Tax Commissioner to the Secretary of State, immediately forfeit the charter or permit to do business in this State until such examination as is required to be made is completed. The State Tax Board or any authorized agent thereof shall not make public or use said information derived in the course of said examination of said books, records and papers and/or officers or employees except for the purpose of

The Magnolia contends that:

1. The following are essential venue facts under these articles, which the State must, but did not, establish:

(a) That the tax was delinquent;

(b) That it was due and owing;

(c) That Magnolia operated, maintained, opened, established or controlled the filling stations;

(d) That non-petroleum products were sold thereat;

(e) That the suit was brought "at the instance and request of the State Tax Board to recover taxes found by that Board to be delinquent." (Contention (e) appears to be urged for the first time in a supplemental argument filed by one of Magnolia's counsel.)

2. Said articles attempt to vest jurisdiction and venue inseparably and exclusively in the district courts of Travis County, and thereby to divest other district courts of jurisdiction conferred upon them by Art. 5, Sec. 8, Texas Constitution, Vernon's Ann.St.

3. "Such statutes attempt to divest the constitutional powers of district and county attorneys (Art. 5, Sec. 21) and vest them in the Attorney General (Art. 4, Sec. 22) and the State Tax Board."

▆▆▆▆ Art. 7076 was amended and Art. 7076a enacted in 1933 as S.B. 412, Chap. 192, p. 581, Gen.Laws Reg.Ses. 43rd Leg. The articles were analyzed, construed, and

their purpose and effect stated in the recent case of Central P. & L. Co. v. State, Tex. Civ.App., 165 S.W.2d 920, error refused, appeal dismissed, "for want of a substantial federal question" by United States Supreme Court, 319 U.S. 727, 63 S.Ct. 1033, 87 L.Ed. 1691. It was there stated [165 S.W.2d 923]:

"The suit was brought by the State of Texas 'acting by and through the Attorney General of the State of Texas, at the instance and request of the Comptroller of Public Accounts of the State of Texas.' (The identical language of the petition in the instant case.)

"Reading the three Articles together (7076, 7676a and 7098a), we think nothing could be plainer than that this suit was authorized and properly brought."

It seems equally plain to us that the purpose and express intent of the Legislature was to lay the venue of all suits for taxes of the character stated in the first sentence of Art. 7076a (of which this, an occupation tax, is concededly one) in Travis County. It is true the sentence relates to "delinquent State taxes due and owing to the State." But manifestly, we think, these words have no application to the issue of venue. A suit for taxes cannot properly be maintained unless the taxes are delinquent, due and owing. These are matters, however, that go either to the merits of the suit or to the issue of whether it is prematurely brought. The State clear-

---

some judicial proceeding for the collection of delinquent taxes in which the State of Texas is a party."

"Art. 7076a. Delinquent franchise and other taxes than ad valorem taxes on property

"It is further specifically provided that all of the provisions of this Act shall apply and be applicable to all delinquent State taxes due and owing to the State of Texas, of every kind and character whatsoever, including all franchise, occupation, gross receipts, gross production, gross premiums tax on insurance companies, inheritance, gasoline, excise and all other State taxes which become delinquent other than State ad valorem taxes on property. It is hereby declared to be one of the purposes hereof to impose upon the State Tax Board the additional duty of collecting and aiding in the collection of all delinquent taxes enumerated and referred to herein, and all laws now applicable to the collection of such delinquent taxes, and all powers and authority now possessed by existing officers

and agencies of the State Government are hereby, in addition, conferred upon said State Tax Board, as far as the same may be applicable, but this provision shall not in any manner lessen, transfer, interfere with or impair the rights or duties of existing agencies of government to collect such delinquent taxes; provided further, that said State Tax Commissioner shall, after the passage hereof, be the chief administrative officer of this Act; and said State Tax Commissioner shall have full and exclusive power and authority to employ such clerical personnel as may be necessary for the proper and efficient prosecution of delinquent tax suits, and all actions which may arise hereunder, which shall be in addition to such assistance as may be required by the State Tax Board or the State Tax Commissioner from the Attorney General of Texas, and the State Board of Control shall provide said State Tax Board with proper and sufficient office space and quarters."

ly has a right to litigate a claim which it asserts to a tax liability. And we think it was clearly the intention of these articles to lay the venue of suits asserting such tax liability in Travis County. The only venue question involved was whether the suit was of the character described in Art. 7076a; and "where the particular character of the suit constitutes a factor (here the only factor) in determining the question of venue, the character of the suit becomes a law question, arising on the pleadings." Jones v. Hickman, 121 Tex. 405, 48 S.W.2d 982, 983. This rule was applied in Yates v. State, Tex.Civ.App., 3 S.W.2d 114, in a suit brought under Art. 5420, in which venue was maintained in Travis County, the issue being raised by exception to the plea of privilege without controverting plea. That decision was rendered February 8, 1928, and on April 25, 1928, the Supreme Court in an adopted Commission opinion announced the same rule in these words: "There are some situations, one of which is stated in article 5420, where the character of action is such that no issue of venue can arise under the plea of privilege statute." Duffy v. Cole, 117 Tex. 387, 5 S.W.2d 495, 498. The Yates case was cited with manifest approval in Stockyards Nat. Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302, under the holding that: "Proof that the suit is of such nature is supplied by the plaintiff's petition, for it, as so often has been said, is 'the best and all-sufficient evidence of the nature of the action.'" The Yates case has been cited with approval of the above holding in a number of Civil Appeals decisions, and so far as we have been able to discover, the holding has never been questioned.

■ It was suggested in the oral argument that this case is distinguishable from the Yates cases in that there the suit was for land, and since all land titles emanate from the State, the mere assertion in a petition of such title would make a prima facie case in the State's favor. Complete answer to this view lies in the holding of our Supreme Court that venue facts are triable as any other facts essential to the merits of a case and are not concluded by a mere prima facie showing. See Compton v. Elliott, 126 Tex. 232, 88 S.W.2d 91. We are unable to conclude that it was the intention of the Legislature to require the State, in answer to a plea of privilege in a suit of a character embraced in Art.

7076a, to establish liability on the part of the defendant.

The above holding in the Yates case is the same as that uniformly applied to other situations where the character of the suit is an element, among others, in fixing venue; as for example in suits to recover land, the venue of which is laid in the county where the land or a part thereof is situated. Art. 1995, Sub. 14. There, the only venue fact is whether the land or a part thereof is situated in the county where the suit is brought; for, as was said in Thomason v. Ham, Tex.Civ. App., 210 S.W. 561, 563, error ref.:

"Whether or not the suit as instituted by the plaintiffs was one coming within the provisions of that subdivision of the statute was a legal question, and not a question of fact, and the defendant's allegation that it was not such a suit was a mere conclusion of law, and not an allegation of fact."

See also in this connection the recent case of Hays v. McKemie, Tex.Civ.App., 185 S.W.2d 484.

Quite a number of cases have been brought by the State in Travis County under these articles, since their adoption twelve years ago, in only three of which has the question of venue been raised, Lally v. State, Tex.Civ.App., 138 S.W.2d 1111; Barrett v. State, Tex.Civ.App., 138 S.W.2d 1114; Washington Oil Corporation v. State, Tex.Civ.App., 159 S.W.2d 517, error ref. W. M.; and in these three (it may be significant to note) it was conceded that venue was properly laid in Travis County, if the recoveries sought were taxes.

We do not think it necessary to burden this opinion with analysis of the many decisions cited by appellant holding in line with Compton v. Elliott, above, that where venue depends upon the commission of some act of a certain character in the county where the suit is brought, the character of the act as well as its commission in the county of suit are venue facts, which must be established by the plaintiff. Those cases have been distinguished from that at bar by the Supreme Court as well as by Courts of Civil Appeals.

■ Nor do we think it necessary to state or discuss the issues raised by Magnolia as to whether, under the agreed stipulation, the Magnolia was the tax payer within the meaning of the act. These and

all other issues raised by Magnolia under its first contention above relate to liability or whether the suit was properly or prematurely brought. Under our above holding as to the proper construction of the articles, these issues do not involve venue facts and are therefore not material in the present appeal.

■ In connection with contention 1(e) above the point is made in the supplemental argument referred to that the character of suit described in Arts. 7076 and 7076a is one brought at the instance and request of the State Tax Board for taxes found by that Board to be delinquent. Referring to that portion of Art. 7076 under which the Board "shall be authorized to bring suit for the recovery of same in the name of the State," the argument says:

"In view of the settled construction that has been applied to similar statutes, this provision must be construed as meaning that the Board should find what taxes were delinquent and request the Attorney General to file suit and give him such assistance as might be needed in the suit. If it were to be construed as conferring on the State Tax Board the exclusive power to file and control the suits referred to, it would be unconstitutional. A similar statute was before the Supreme Court in Maud v. Terrell, 109 Tex. 97, 101, 200 S.W. 375, and it was construed as this statute should be construed, that is, as imposing on the Board the duty to investigate and determine whether any taxes were delinquent and to request the Attorney General to file suit and to assist him in the suit. On the same point see Camp v. Gulf Production Co., 122 Tex. 383, 394-397, 61 S.W.2d 773."

This construction is unquestionably correct; but we do not agree with the urged construction that Arts. 7076 and 7076a relate only to suits brought at the instance of the Board for taxes which the Board finds delinquent. By Art. 7076a it is "specifically provided that all of the provisions of this Act shall apply and be applicable to all delinquent State taxes * * * other than * * * ad valorem." This language manifestly includes the provision of Art. 7076 that: "The venue and jurisdiction of all suits arising hereunder is hereby conferred upon the courts of Travis County." The taxes described in Art. 7076a, the venue of suits for which is by the above quoted reference laid in Travis County, are those accruing to the State and in the suits for which the State is plaintiff, suing in its own behalf. The purpose of the provisions of the Articles imposing duties and conferring powers upon the several state officials (as well as of the other provisions including venue) was, as stated in the caption of S.B. 412, for "strengthening and providing for a stronger and more efficient administration and enforcement of all * * * State taxes * * * other than ad valorem taxes on property." The manner in which, by whom, or at whose instance the suits are brought have nothing to do with the character of the suits or the venue provisions relating thereto. Such, we believe, is the only reasonable construction of the articles and the legislative intent they manifest. The supplemental argument states:

"There were practical reasons why the Legislature should place the venue in Travis County. The State Tax Board functions at the State Capitol. Its records are there kept. The Act imposed on it, as before shown, the important duty of making investigations anywhere in Texas or in the United States to ascertain whether taxes were delinquent and to collect records so that said records might be available for the use of the Attorney General in the litigation authorized by these articles. Therefore, the venue was placed at the seat of the State Government so that the information collected by the Board as the basis for its request to the Attorney General might be available to him in the conduct of any suit he might file pursuant to such request; and so that the assistance of the Board and its administrative personnel might be immediately available to him."

The same considerations apply to practically, if not all state taxes included in Art. 7076a, independently of the Board, its records, experts and assistants. The records relating to these taxes are compiled and kept in the offices of departments and agencies of the State at Austin; such for example as those of the Comptroller, Secretary of State, Insurance Department, and Unemployment Compensation Board, each of which has its own corps of experts, auditors and assistants.

■ Contention 2, above, (that venue and jurisdiction are inseparately and exclusively conferred upon the Travis County courts in violation of Const. Art. 5, Sec. 8 is manifestly untenable in view of that portion of Sec. 21 of S.B. 412, which reads:

"* * * if any sentence, clause, paragraph, part or parts of this Act shall be held unconstitutional and void, such holding shall not affect any other part or provision not held void or invalid but all provisions not so held to be invalid shall continue in full force and effect."

Venue and jurisdiction are clearly severable under this provision, regardless of whether they would be in its absence. It is therefore immaterial whether the jurisdiction attempted to be conferred was intended to be exclusive, and if so, whether such attempt was void,—questions upon which we express no opinion. The venue conferred upon the Travis County courts is clearly not exclusive. This subject is treated in 43 Tex.Jur., pp. 709-711, with citation of authorities.

■ Upon contention 3, above—that the Act (S.B. 412) attempts to divest the constitutional powers of district and county attorneys (their assertedly exclusive power to bring such suits) and vest them in the Attorney General and State Tax Board:

In so far as concerns the State Tax Board we refer to the above quoted construction of the Act in the supplemental argument, which we approve. Moreover, the suit was not brought by that Board, and it is immaterial whether the provision as to it be valid, since it is clearly severable from other portions of the Act and its invalidity would not affect them under Sec. 21, above.

As regards the Attorney General, the question is clearly ruled by the decision in Brady v. Brooks, 99 Tex. 366, 89 S.W. 1052. Magnolia relies chiefly upon State v. Moore, 57 Tex. 307. After quoting in extenso portions of the latter opinion held in Brady v. Brooks to be obiter, the brief reads:

"In probably the only tenuous and labored opinion he ever rendered, Judge Gaines attempted to qualify State v. Moore in Brady v. Brooks, 99 Tex. 366, 89 S.W. 1052, holding that Judge Stayton had himself 'practically' overruled State v. Moore in a subsequent opinion in Day Land & Cattle Co. v. State, 68 Tex. 526, 4 S.W. 865. By a queer turn of fate, however, Brady v. Brooks, has been 'practically' ignored in subsequent cases and it is State v. Moore, which is now cited for the proposition that the constitutional powers granted the Attorney General and the County Attorneys are mutually exclusive and may not be infringed by the Legislature, Agey v. American Liberty Pipe Line Company, Supreme Court, 141 Tex. 379, 172 S.W.2d 972; Hill County v. Sheppard, 142 Tex. 358, 178 S.W.2d 261; State ex rel. Downs v. Harney, Tex.Civ.App., 164 S.W.2d 55. See also the Austin Court of Civil Appeals opinion in Agey v. American Liberty Pipe Line Co., 167 S.W.2d 580, also citing State v. Moore. On the subject generally reference is made to Camp v. Gulf Production Co., Supreme Court, 122 Tex. 383, 61 S.W.2d 773, and Staples v. State, Supreme Court, 112 Tex. 61, 245 S.W. 639."

Brady v. Brooks appears to have been cited in only three cases in the Texas Supreme Court Reports, Cox v. Robison, 105 Tex. 426, 437, 150 S.W. 1149; Maud v. Terrell, 109 Tex. 97, 99, 200 S.W. 375; Staples v. State, above in none of which was the decision or opinion in that case in any respect criticised or discountenanced. The court handing down the decision was composed of Gaines, Chief Justice, and Brown and Williams, Associate Justices. Judge Gaines also sat in the Day case. Regardless of the above expressed view as to the laboredness, tenuity, or soundness of the opinion and decision in Brady v. Brooks (a view which we do not share in any degree), the decision in that case is authoritative and binding upon this court.

■ Independently of this, however, the question whether the suit was properly instituted was not one of venue. The authority of the Attorney General to file the suit should properly be challenged either by exception or motion to dismiss; which could be urged in any county in which the suit might be brought or to which it might be transferred. Change of venue to Dallas County would not affect the Attorney General's authority. The State was the only party plaintiff to the suit and the only venue issue was whether the suit was of the character described in S.B. 412,—not whether the official who instituted it had the State's authority to do so.

The order appealed from is affirmed.

Affirmed.