Robert S. CALVERT, Comptroller of Public Accounts, et al., Appellants,

v.

Nathan HALL et ux., Appellees.

No. 12167.

Court of Civil Appeals of Texas, Austin.

Oct. 2, 1974.

Rehearing Denied Oct. 30, 1974.

John L. Hill, Atty. Gen. of Texas, Marietta McGregor Payne, Asst. Atty. Gen., Austin, for appellants.

Sterling Holloway, Holloway & Holloway, Emmett Shelton, Sr., Shelton & Shelton, Austin, Wallace T. Barber, San Marcos, for appellees.

O'QUINN, Justice.

This appeal is from an order of the district court of Hays County overruling the plea of privilege and the amended plea to the jurisdiction filed by Robert S. Calvert, Comptroller of Public Accounts for the

State of Texas, one of the defendants below.

Nathan Hall and wife, Billie Barbara Hall, brought this suit in Hays County against the Comptroller and State Bank and Trust Company of San Marcos, administrator of the estate of Barbara L. Everett, deceased. By their suit Hall and wife sought to have set aside and held void an inheritance tax which the Comptroller had assessed against them, or alternatively to have the amount of the tax reduced and the tax burden reallocated to the estate. Plaintiffs instituted suit under claimed authority of Article 14.11(C)(4) (Title 122A, Taxation-General, Vernon's Anno. Civ. Sts.), which is general provides for appeals from valuation placed upon property by the Comptroller for inheritance tax purposes.

The Comptroller brings two points of error. Under the first point contention is made that suit was instituted to determine inheritance tax liability and Article 14.-11(C)(4), upon which plaintiffs below relied to sue in Hays County, relates solely to appeals from property valuations made for inheritance tax purposes. Under the second point the Comptroller urges that the plea to the jurisdiction should have been sustained because the suit was brought to determine the liability of plaintiffs for inheritance taxes and such suits must be instituted pursuant to provisions of Articles 7057b (Title 122, Taxation, Vernon's Ann. Civ.St.) and Article 1.05 (Title 122A, Taxation-General, V.A.C.S.), which statutes provide that suit shall be brought "in any court of competent jurisdiction in Travis County, Texas, and none other."

The trial court overruled both the plea of privilege and the plea to the jurisdiction. We will reverse the judgment of the trial court and remand the case to the district court with instructions to transfer the cause to a district court in Travis County.

The Comptroller levied the disputed inheritance tax in this case under provision of Article 14.01 making subject to inheritance tax all property passing " . . . by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the death of the grantor or donor . . . ." The 812.5 acres of land here involved came into ownership of the Halls through a gift from Barbara L. Everett, who died intestate July 20, 1965. (See opinion of this Court in Patterson v. Hall, 439 S.W.2d 140, writ ref. n.r.e., 1969). The tract of 812.5 acres initially was valued for inheritance tax purposes at $180 per acre, and at this valuation the tax due was determined to be $8,293.75.

After the initial valuation by the Comptroller, the Halls requested a redetermination hearing as provided for under Article 1.032, Title 122A, Tax.-Gen. In the decision on redetermination the hearing examiner made specific findings and recommendations that the tract of 812.5 acres as a parol gift of realty was properly included in the Everett estate since partial possession and enjoyment by the Halls as donees was delayed until the donor's death, and further that the Federal valuation of $180 per acre should be accepted in accordance with Article 14.11(C)(2). The examiner recommended that the determination be made final on the basis of $8,293.75 additional tax, plus interest of $3,415.43, in the total sum of $11,709.18 tax and interest.

The Comptroller approved and adopted the recommendations of the examiner on August 8, 1973, and the Halls notified the Comptroller on August 22, 1973 "that appeal will be taken for trial de novo in the 22nd District Court of Hays County." The Halls filed their petition in this lawsuit the following day in Hays County.

We look to plaintiffs' petition to determine the nature of this lawsuit and the essential controversy to be resolved by final judgment. Plaintiffs filed suit in Hays County on the theory that under Article 14.11(C)(4) they were entitled to a trial *de novo* in that county on the question of valuation. The true controversy is not valuation, standing alone, but whether the

Comptroller properly levied the tax on plaintiffs' 812.5 acres of land which they acquired by gift from Barbara L. Everett. As already observed, the Comptroller levied the tax under provisions of Article 14.-01 which makes subject to inheritance tax all property "which shall pass absolutely . . . by deed, grant, sale, or *gift* made or intended *to take effect in possession or enjoyment after the death of the* grantor or *donor*." (Emphasis added) (Art. 14.-01; Acts 1959, 56th Leg., 3rd C. S., p. 187, ch. 1. For identical language, see Art. 14.-01(A), as amended by Acts 1971, 62nd Leg., p. 2943, ch. 974, Sec. 1, eff. Aug. 30, 1971.)

Plaintiffs alleged in their petition:

(1) "This is a suit brought as an appeal from an order of . . . [the] Comptroller, in relation to the Estate of Barbara L. Everett, Deceased, by which order said Defendant *purported to include as a portion of the gross estate* of said decedent for inheritance-tax purposes *lands belonging to the Plaintiffs* . . ." (Emphasis added) (Par. III)

(2) That in October of 1972 the Comptroller assessed an inheritance tax " . . . and *also included in the gross estate . . . an assessment on the 812.-5 acres belonging to Plaintiffs* . . ." and thereafter "Plaintiffs promptly . . . requested a redetermination hearing of the claimed assessment, pursuant to Article 1.032 . . ." That after a hearing the Comptroller issued his *order which* " . . . *was based upon a contention and conclusion that the right of possession and enjoyment of plaintiffs of the land in question was postponed until or took effect after the death of Barbara L. Everett*." (Emphasis added) (Pars. VIII, IX)

(3) "The conclusion by the Comptroller . . . that the Plaintiffs' possession and enjoyment of the right of possession of the 812.5 acres of land owned by them in fee simple was delayed until after Mrs. Everett's death, was and is directly contrary to the finding of the jury . . . and the judgment of . . . [district court] to the effect that Plaintiffs took possession of the land in question long prior to Mrs. Everett's death. . . . The judgment of the [Court of Civil Appeals, 439 S.W.2d 140, writ ref. n.r.e.] . . . directly contrary to the contention and conclusion of the Defendant Calvert, is the controlling law of this case, and *as a matter of law the purported assessment . . . is void, and without support in law or fact*." (Emphasis added) (Par. X)

Plaintiffs prayed that " . . . *the purported additional inheritance-tax assessment against the Plaintiffs and the 812.5 acre tract* of land owned by them, and the *inclusion of said land in the taxable gross estate . . . be set aside and adjudged void*; and in the alternative . . . " any additional inheritance tax be assessed against the estate and not against the Plaintiffs or the 812.5 acres which they took by gift from Mrs. Everett. (Emphasis added)

■ The suit plaintiffs brought is concerned primarily, and almost exclusively, with the taxability of the property upon which the Comptroller finally determined and assessed the tax, concerning which plaintiffs raised numerous questions totally unrelated to valuation of the land. The appeal provided by the Legislature in Article 14.11(C)(4), to the district court of the county in which the land lies, is limited to instances in which valuation of the property is the sole question in issue. To reach a contrary conclusion would permit the taxpayer to litigate in the county where the land is situated the issue of tax liability, under a contention that the Comptroller "is not lawfully entitled to demand or collect" the tax, in direct disregard of Articles 1.05 and 7057b, which statutes require such issue to be tried in the courts of "Travis County, Texas, and none other," and this the taxpayer would be enabled to do simply by challenging valuation incidental to the main issue, as plaintiffs below have done in this case.

The only venue question involved is whether the suit is of the character described in Article 14.11(C)(4), involving valuation, or is a suit of the character described in Article 1.05 and Article 7057b, involving the issue of the Comptroller's lawful right "to demand or collect" the tax. Where the particular character of the suit constitutes a factor, in this case the only factor, in determining the question of venue, the nature or character of the suit becomes a question of law, arising on the pleadings. Jones v. Hickman, 121 Tex. 405, 48 S.W.2d 982, 983, col. 1 (1932). Proof that the suit is of a certain nature is supplied by the plaintiff's petition, which is the best evidence of the nature of the action. Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, 1302 (1936); Gilbert v. Gilbert, 145 Tex. 114, 195 S.W. 2d 936, 938 (1946).

We hold that as a matter of law plaintiffs' suit is of such character, judged by the petition, that venue does not properly lie in Hays County, and the Comptroller's plea of privilege to be sued in Travis County should have been sustained. Magnolia Petroleum Company v. State, 190 S. W.2d 581, 584 (Tex.Civ.App. Austin 1945, no writ). In *Magnolia* the practical reasons why the Legislature placed venue for tax cases in Travis County was discussed at length by Chief Justice McClendon writing the opinion for this Court in that suit. (190 S.W.2d 585)

Aside from the question of venue, which we decide against the taxpayer in this case, there is authority to hold that by reason of the language employed in the statutes the location of this suit is jurisdictional and not a mere question of venue. Statutory language similar to that found in Articles 1.05 and 7057b was used in a statute under review by the Supreme Court in Alpha Petroleum Company v. Terrell, 122 Tex. 257, 59 S.W.2d 364 (1933), in which the Court held that under the plain terms of the statute a suit "must be brought in a district court of Travis county, Tex., and that this Requirement is one of jurisdiction, and not a mere question of venue." There the statute provided that a person affected by a rule of the Railroad Commission who may be dissatisfied with the rule had the right to file a suit "in Travis County, Texas, *and not elsewhere.*" In so holding the Supreme Court followed an earlier decision in Mingus v. Wadley, 115 Tex. 551, 285 S.W. 1084, 1088 (1926), in which Chief Justice Cureton stated, " . . . in special proceedings not within the common-law jurisdiction, the court's statutory designation of the venue is mandatory and jurisdictional."

These decisions and others on the same subject were reviewed in 1973 by the Supreme Court, in an opinion by Chief Justice Greenhill, in which it was said, "If the statutory provision for place of trial is *jurisdictional,* this Court has said that if the suit is filed elsewhere, that court is completely without power to hear the case, even by agreement of the parties." Gambill v. Town of Ponder, 494 S.W.2d 808, 810 (Tex.Sup.1973).

In a case decided in 1967 the Waco Court of Civil Appeals exhaustively noted the variations of venue provisions contained in statutes providing review of administrative decisions, and, in reliance on *Alpha Petroleum* and *Mingus,* that court reached the conclusion that the statute in question " . . . confers exclusive jurisdiction, and it is not a mere venue statute." Schwantz v. Texas Department of Public Safety, 415 S.W.2d 12, 16 (Tex.Civ.App. Waco 1967, writ ref.).

The judgment of the trial court is reversed, and the cause is remanded with instructions that the case be transferred to district court in Travis County.