R. R. ROBINSON, d/b/a Do-Rite Grocery and Market, Appellant,

v.

Bob BULLOCK, Comptroller of Public Accounts, Appellee.

No. 12549.

Court of Civil Appeals of Texas, Austin.

June 15, 1977.

Rehearing Denied June 29, 1977.

Claude R. Wilson, Jr., Hugh Corrigan, IV, Golden, Potts, Boeckman & Wilson, Dallas, for appellant.

John L. Hill, Atty. Gen., R. L. Lattimore, Asst. Atty. Gen., Austin, for appellee.

O'QUINN, Justice.

Appellant brought this lawsuit in February of 1976 against the Comptroller of Public Accounts to enjoin the collection of sales taxes in excess of $20,800.00 claimed due the State and the City of Dallas.[1]

As a result of an audit by the Comptroller of appellant's account books, the Comptroller determined that appellant owed the State and the city certain taxes, plus penalties and interest, on sales of beer for which no taxes had been paid.

At the taxpayer's request, the Comptroller granted a hearing for redetermination, resulting in some reduction of the assessments. After being denied a rehearing, appellant filed suit within thirty days, relying principally upon provisions of the Administrative Procedure and Texas Register Act for authority to bring suit, without prior payment of the taxes in compliance with Articles 1.05 and 1.06, Title 122A, Taxation-General.

The Comptroller answered the taxpayer's suit, and filed a cross action for the taxes

1. Appellant taxpayer is R. R. Robinson, doing business as Do-Rite Grocery and Market in the city of Dallas, Dallas County, Texas; appellee is Bob Bullock, Comptroller of Public Accounts of the State of Texas.

claimed due the State and the city. Subsequently the Comptroller filed motion for summary judgment on the cross action.

After hearing in April of 1976, the trial court entered judgment in September finding that the court was without jurisdiction to decide the merits of appellant's cause of action and granting the Comptroller's motion for summary judgment in the amount of $20,918.96.

We will sustain the trial court's finding that it was without jurisdiction to entertain appellant's suit. We will reverse the court's award of judgment for the taxes, and will remand the cause for further proceedings on the Comptroller's cross action to collect the taxes.

Appellant Robinson brings two points of error. Under the first point appellant contends that the trial court erred in finding as a matter of law that the court was without jurisdiction to hear and decide the merits of appellant's suit. Under the second point appellant takes the position that evidence in support of the summary judgment for taxes did not establish as a matter of law that sales of beer are excluded from statutory exemptions from taxes granted as to sales of food. Appellant contends that beer is a food and is by statute exempt from the sales tax.

■ Appellant argues under the first point that compliance with Section 19(a) and (b) of Article 6252–13a (Administrative Procedure and Texas Register Act, effective January 1, 1976) renders it unnecessary for the taxpayer to comply with Articles 1.05 and 1.06, Title 122A, Taxation-General, by paying the taxes before filing suit.

The administrative procedure provisions appellant relies on provide:

"(a) A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in a contested case is entitled to judicial review under this Act. This section is cumulative of other means of redress provided by statute.

"(b) Proceedings for review are instituted by filing a petition within 30 days after the decision complained of is final and appealable. Unless otherwise provided by statute:

"(1) the petition is filed in a District Court of Travis County . . ." Sec. 19(a)(b)(1), Art. 6252–13a.

It is appellant's position that the Administrative Procedure Act repealed Articles 1.05 and 1.06 by implication under Section 22 by repealing all "laws and parts of laws in conflict with this Act . . ." We find appellant's contention without merit and overrule the point of error.

By Articles 1.05 and 1.06 (and the predecessor statutes, Articles 7057b and 7047j, V.A.C.S.) the Legislature provided a special method to enable taxpayers who question validity of a tax to bring suit against the State in an effort to recover taxes paid under protest. *Cobb v. Harrington,* 144 Tex. 360, 190 S.W.2d 709, 713 (1945); *Bullock v. Electro-Science Investors, Inc.,* 533 S.W.2d 892, 894 (Tex.Civ.App. Austin 1976, no writ). These statutes created a right not existing at common law and prescribed a remedy to enforce the right; therefore the courts may act only in the manner provided by the statutes which created the right. *Union Central Life Insurance Co. v. Mann,* 138 Tex. 242, 158 S.W.2d 477, 481 (1941); *Bullock v. Electro-Science Investors, Inc., supra.*

To avail himself of the right granted under Articles 1.05 and 1.06, the taxpayer must comply with the statutes by making a written protest, setting out fully and in detail each and every ground or reason why it is contended that the demand for taxes is unlawful or unauthorized. The reasoning behind these statutory requirements, compliance with which are necessary prerequisites to bringing suit, have been considered and explained by the courts. This Court in 1976 reviewed the statutes and case law in this connection in *Nu-Way Oil Company v. Bullock,* 546 S.W.2d 336, 340 (Tex.Civ.App. Austin 1976, no writ).

The argument that Section 19 of the Administrative Procedure Act repeals by implication the substantive rights and correla-

tive procedural remedies granted by Articles 1.05 and 1.06 fails to take into account settled law to the contrary.

Section 22 of the Administrative Procedure Act includes a specific repeal expressly specifying Article 6252–13 (Acts 1961, 57th Leg., p. 581, ch. 274, as amended 1962), but the remaining portion of the section is general only, declaring all "laws and parts of laws in conflict with this Act" repealed. A general repealing clause is subject to the same rules of interpretation as other enactments, and the intent of the Legislature must prevail over the literal construction. *First National Bank of Giddings v. Lee County Cotton Oil Co.,* 274 S.W. 127 (Tex. Com.App.1925, holding approved); *Ex parte Coleman,* 157 Tex.Cr.R. 37, 245 S.W.2d 712 (1951); *Miller v. Calvert,* 418 S.W.2d 869, 872 (Tex.Civ.App. Austin 1967, no writ).

Unless there is a repugnancy between the prior law and the later Act, a court may not find that the later Act repeals the prior statute. *Gaddis v. Terrell,* 101 Tex. 574, 110 S.W. 429 (1908); *Miller v. Calvert, supra.* We find no real or substantial repugnancy between Article 1.05, which grants the taxpayer a substantive right and a remedial mode of questioning validity of a tax statute, and the later general procedural route provided by Section 19 of Article 6252–13a to effect appeal from an adverse ruling of a State agency.

The repealing clause of the Administrative Procedure Act, except for the specific repeal of the earlier Article 6252–13 (which provided for the making of administrative rules and regulations by State agencies) did not contain any language expressly repealing the provisions of Article 1.05, but was only a general repealing clause. For the Administrative Procedure Act to repeal provisions of Article 1.05 (and Article 1.06), it is necessary to indulge in repeal by implication, which is not favored. The two laws should be construed in such manner as to allow both to stand. *Townsend v. Terrell,* 118 Tex. 463, 16 S.W.2d 1063 (Tex.Com.App. 1929, opinion adopted); *Miller v. Calvert, supra.*

Since appellant, as a taxpayer seeking to question validity of the statute under which the Comptroller made the assessment, failed to comply with requirements of Article 1.05 and pay the tax before filing suit, the trial court correctly concluded that the court was without jurisdiction to hear and decide the merits of appellant's suit. We affirm this action by the trial court and direct that Robinson's suit be dismissed.

We now consider disposition of the Comptroller's cross action to collect the taxes claimed due by Robinson. As noted earlier, on the Comptroller's motion for summary judgment the trial court awarded judgment for the taxes, penalties and interest pleaded by the Comptroller. In this action, we conclude that the trial court erred because the summary judgment proof did not support the pleadings.

The Comptroller attached to the pleadings in cross action a certificate, dated March 5, 1976, certifying delinquency due the State in the amount of $16,441.31 and a delinquency due the City of Dallas for $4,477.65. In the motion for summary judgment, the Comptroller alleged, "A certificate of the State Comptroller supporting Defendant's [Comptroller's] cross action accompanies the same as an exhibit." The record does not disclose an affidavit purporting to make proof of the tax claim, nor does the Comptroller's tax certificate appear in any manner except as an exhibit attached to the pleadings of the cross action.

In an action for collection of taxes, a certificate by the Comptroller certifying the tax delinquency, when placed in evidence, constitutes *prima facie* proof of the tax delinquency, and a presumption of correctness is accorded the certificate. Articles 20.09(E) and (G)(1), Title 122A, Taxation-General; *Smith v. State,* 418 S.W.2d 893 (Tex.Civ.App. Austin 1967, no writ); *Baker v. Bullock,* 529 S.W.2d 279 (Tex.Civ.App. Austin 1975, writ ref'd n. r. e.). The judgment of the trial court recites that "Defendant [the Comptroller] is entitled to a full recovery of his tax claims against Plaintiff [Robinson], *as evidenced by the Comptroller's certificate attached to said*

*cross action as an exhibit."* (Emphasis added).

The record does not disclose that the Comptroller's certificate was attached to the motion for summary judgment, nor does the motion attempt to incorporate the certificate by reference. No affidavit, with certificate attached, was filed in support of the motion for summary judgment. No facts pleaded in behalf of the Comptroller's claim, either in the cross action or motion for judgment, are sworn to.

In 1962 the Supreme Court considered a suit on sworn account in which the supporting document was attached to pleadings, and an affidavit in support of motion for summary judgment referred to the document. No objection was made that the document was not attached either to the affidavit or the motion for judgment, and the point was made for the first time on appeal. The Supreme Court held that exceptions to the deficiencies should have been made in the trial court, but could not be raised for the first time on appeal. *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230 (Tex.1962).

In 1973 the Supreme Court approved its earlier holding in a case decided in 1971 and held that the trial court erred in granting a motion for summary judgment because "The factual statements to support the motion for summary judgment are in the pleadings, not in a sworn motion or affidavit in support of the motion." *Texas National Corporation v. United Systems International, Inc.,* 493 S.W.2d 738, 741 (Tex. 1973), in which it was said "The granting of the motion, therefore, falls under the rules announced in *Hidalgo v. Surety Savings & Loan* [462 S.W.2d 540 (Tex.1971)] . . ."

In both *Texas National* and *Hidalgo* the Supreme Court pointed out desirability of following the wording of Rule 166–A(e). It is clear that matters sworn to in the pleadings are not summary judgment proof. In the case now on appeal the pleadings were not sworn to, neither the cross action nor the motion for summary judgment, and the certificate of the Comptroller was attached to the pleadings, not to the motion; nor did the motion attempt to incorporate the certificate, although it stated the certificate was attached to the cross action.

Unless the case is one properly to be decided on the pleadings, a motion for summary judgment should be supported by its own summary judgment proof as set out in Rule 166–A, and not by reference to the pleadings. Supporting proof "should be attached to the motion or an affidavit, not to the pleadings." *Texas National, supra; Hidalgo, supra.*

In *Texas National* and in *Hidalgo* the supporting document was the promissory note. By analogy, the supporting document in this case is the Comptroller's *certificate,* which should be attached to the motion or an affidavit, not to the pleadings, to make proof necessary to support the motion for summary judgment. We conclude that under the principles announced by the Supreme Court in these two recent cases, the Comptroller failed to make the proof required to support the motion for summary judgment.

The judgment of the trial court with respect to the summary judgment granted on the Comptroller's motion is reversed, and the cause, as to the cross action, is remanded for further proceedings. The action of the trial court declining to consider the taxpayer's suit for want of jurisdiction is affirmed, and the suit by appellant against the Comptroller is dismissed.