## DAN INGLE, INC., Appellant,

v.

## Bob BULLOCK, Comptroller of Public Accounts of the State of Texas, Appellee.

### No. 12901.

Court of Civil Appeals of Texas, Austin.

March 7, 1979.

Mike Willatt, Austin, for appellant.

John L. Hill, Atty. Gen., Diane C. Van Helden, Asst. Atty. Gen., Austin, for appellee.

O'QUINN, Justice.

Dan Ingle, Inc., brought this suit against the Comptroller of Public Accounts under provisions of Section 19 of Article 6252–13a (Administrative Procedure and Texas Register Act) seeking to set aside determination by the Comptroller that plaintiff was delinquent in payment of $41,846.14 in sales taxes due the State and $11,196.50 in sales taxes due the City of Houston.

The Comptroller specially excepted to Ingle's petition as insufficient in law for failure of Ingle, prior to filing suit, to pay the assessment made and to accompany payment with a written protest or claim for refund, as required under Articles 1.05 and 20.10(G), Title 122A, Taxation-General.

The trial court sustained the Comptroller's special exception, and upon Ingle's failure to amend, the court held it was without jurisdiction to entertain the suit.

Ingle has appealed and claims (1) that the trial court erred in sustaining the Comptroller's special exception and (2) erred in holding that "Article 1.05 of Title 122A is a jurisdictional requirement that must be complied with to establish a right of action to protest an assessment of taxes under Title 122A or under the Limited Sales, Excise and Use Tax Act."

Appellant argues: "The Administrative Procedure and Texas Register Act specifically states that the procedure for judicial review, contained in Section 19, is 'cumulative of other means of redress provided by statute.' The legislature clearly thought that it was expanding the remedies available to the citizens, and providing a procedure for judicial review in addition to, and as well as, any other preexisting statutory procedures."

Substantially the same contention was made and overruled by this Court in 1977 in *Robinson v. Bullock*, 553 S.W.2d 196 (Tex. Civ.App. Austin 1977, writ ref'd n. r. e.), cert. denied, 436 U.S. 918, 98 S.Ct. 2264, 56

L.Ed.2d 759 (1978). After reviewing the statutes and case law relevant to the issue raised, this Court held that since the taxpayer ". . . failed to comply with requirements of Article 1.05 and pay the tax before filing suit, the trial court correctly concluded that the court was without jurisdiction to hear and decide the merits of appellant's suit." (553 S.W.2d 198, col. 2).

It is settled that the Legislature, in enacting Articles 1.05 and 1.06 (and the predecessor statutes, Articles 7057b and 7047j, V.A.C.S.), provided a special method by which taxpayers who question validity of a tax may bring suit against the State to recover taxes paid under protest; and that these statutes created a right not existing at common law and prescribed a remedy to enforce the right; therefore the courts may act only in the manner provided by the statutes which created the right. *Robinson v. Bullock, supra*, p. 197, col. 2; and cases there cited.

In *Robinson* this Court pointed out that the contention that Section 19 of the Administrative Procedure Act "repeals by implication the substantive rights and correlative procedural remedies granted by Articles 1.05 and 1.06 fails to take into account settled law to the contrary." *Robinson*, pp. 197–8.

The trial court properly sustained the Comptroller's special exception and, upon Ingle's refusal to amend, ordered the suit dismissed for want of jurisdiction.

Judgment of the trial court is affirmed.

Affirmed.