PARIS MILLING COMPANY, Appellant,

v.

Bob BULLOCK, Comptroller of Public Accounts, et al., Appellees.

No. 6069.

Court of Civil Appeals of Texas, Waco.

June 14, 1979.

Rehearing Denied July 5, 1979.

J. D. McLaughlin, Fisher, McLaughlin & Harrison, Paris, for appellant.

Mark White, Atty. Gen., Martha E. Smiley, Gilbert J. Bernal, Jr., Asst. Attys. Gen., Austin, for appellees.

HALL, Justice.

In its parts pertinent to this appeal, V.A.T.S. Tax.-Gen. Art. 1.05 contains the following provisions:

"(1) Protest. Any person, firm, or corporation who may be required to pay to the head of any department of the State Government any occupation, gross receipts, franchise, license or other privilege tax or fee, and who believes or contends that the same is unlawful and that such public official is not lawfully entitled to demand or collect the same shall, nevertheless, be required to pay such amount as such public official charged with the collection thereof may deem to be due the State, and shall be entitled to accompany such payment with a written protest, setting out fully and in detail each and every ground or reason why it is contended that such demand is unlawful or unauthorized.

"(2) Suits for recovery of taxes or fees. Upon the payment of such taxes or fees, accompanied by such written protest, the taxpayer shall have ninety (90) days from said date within which to file suit for the recovery thereof in any court of competent jurisdiction in Travis County, Texas, and none other. Such suit shall be brought against the public official charged with the duty of collecting such tax or fees, the State Treasurer and the Attorney General. The issues to be determined in such suit shall be only those arising out of the grounds or reasons set forth in such written protest as originally filed."

The facts in this case are undisputed. Defendant-appellee State Comptroller assessed deficiency franchise taxes against plaintiff-appellant Paris Milling Company for the years 1969 through 1975 totaling $12,749.25. Without first paying the taxes, and without joining the State Treasurer and the Attorney General as defendants, plaintiff filed suit in the 126th Judicial District Court of Travis County on October 14, 1976, against only the Comptroller to have the deficiency assessments "set aside and held for naught." Plaintiff alleged in its petition that after exhausting all administrative hearings, it had brought the suit under the Administrative Procedure And Texas Register Act, Vernon's Tex.Civ.St., Art. 6252–13a. On October 26, 1976, the Comptroller (represented by the Attorney General) excepted to plaintiff's petition and sought dismissal on the grounds that appellant had not complied with "the jurisdictional requirements of Art. 1.05, Tax.-Gen., V.T.C.S., or otherwise [showed] consent of the State to be sued." Thereafter, on February 1, 1978, plaintiff paid the taxes under detailed written protest to the Comptroller. Then, on April 24, 1978, appellant filed a second suit in the 126th Judicial District Court "for refund of said payment." Plaintiff alleged the filing of the first suit, the Comptroller's exception to the first suit on the ground that "plaintiff had not complied with the jurisdictional requirements of Article 1.05," and that plaintiff had then paid the tax under protect. On May 12, 1978, the Comptroller (again represented by the Attorney General) moved for dismissal of the second suit on the ground the court lacked jurisdiction under the terms of Art. 1.05 because plaintiff had failed to file its suit "against . . . the State Treasurer and the Attorney General" within 90 days after payment of the tax. Later, on June 23, 1978, plaintiff filed its first amended original petition in the second suit joining the State Treasurer and the Attorney General as defendants, alleging (as in the first suit) that the suit was brought under the Administrative Procedure And Texas Register Act, and again praying (as in the first suit) that the deficiency assessment "be set aside and held for naught."

On August 2, 1978, both suits were dismissed with prejudice by the trial court. The reason assigned in each judgment for the dismissal was, "Plaintiff's suit did not meet the jurisdictional requirements of Article 1.05 [Tax.-Gen.], V.T.C.A." The cases were consolidated on appeal.

Asserting that its first suit was properly and timely filed within the terms of § 19(a) of the Administrative Procedure And Texas Register Act, plaintiff contends that Act, which was enacted after Art. 1.05, repealed the latter statute and that the court accordingly erred in dismissing the suit on the ground of noncompliance with Art. 1.05.

■ The contention that Art. 1.05 was repealed by the enactment of the Administrative Procedure Act was expressly rejected in *Robinson v. Bullock*, 553 S.W.2d 196, 197–198 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.); and *Dan Ingle, Inc. v. Bullock*, 578 S.W.2d 193, 194 (Tex.Civ.App.—Austin 1979, no writ). Without further discussion, we follow the reasoning and holdings in those cases on the question.

Plaintiff failed to meet the requirement of Art. 1.05 that it first pay the tax under protest before it filed its first suit. In the second suit, plaintiff sued the Comptroller within 90 days after it paid the tax under protest, but failed to join the State Treasurer and the Attorney General as defendants within the 90 days as prescribed by the statute. If strict compliance with those provisions is necessary to invest the courts with jurisdiction of suits brought under the statute then plaintiff's cases were properly dismissed. On the other hand, if suit properly brought against only one of the three named officials within the time limit confers jurisdiction, then plaintiff's second suit was incorrectly dismissed.

■ It is a fundamental rule of law that a state cannot be sued without its consent, "and then only in the manner, place, and court or courts designated." *State v. Isbell*, 127 Tex. 399, 94 S.W.2d 423, 424 (1936). Since a state may withhold its consent entirely, it may impose such conditions and limitations on its consent to be sued as it may deem desirable. *Hardt v. Texas Dept. Of Corrections*, 530 S.W.2d 897, 898 (Tex.Civ.App.—Austin 1975, no writ); *Martin v. State*, 75 S.W.2d 950, 952 (Tex. Civ.App.—El Paso 1934, no writ). A grant of consent to sue the state, being in derogation of sovereignty, must be strictly construed. *Buchanan v. State*, 89 S.W.2d 239

(Tex.Civ.App.—Amarillo 1936, writ ref.); 52 Tex.Jur.2d 769, State Of Texas § 54. Conditions and limitations imposed therein are jurisdictional facts, and there must be full compliance with them. *State v. Isbell*, supra; 81A C.J.S. States § 301, p. 961.

Art. 1.05 grants consent by the State to be sued by taxpayers who wish to seek recourse in the courts to question the legality of the State's assessment of the tax. In line with the rules set forth in the preceding paragraph, the requirements in the statute (1) that the tax be paid before suit, (2) that a detailed written protest accompany the payment, and (3) that the suit be filed not later than 90 days from the date of payment, have been held to be jurisdictional facts. See, *Robinson v. Bullock*, 553 S.W.2d 196 (Tex.Civ.App.—Austin 1977, writ ref'd n.r.e.); *Contran Corp. v. Bullock*, 567 S.W.2d 616 (Tex.Civ.App.—Austin 1978, no writ); *Bullock v. Electro-Science Investors, Inc.*, 533 S.W.2d 892 (Tex.Civ.App.—Austin 1976, no writ); *Stelter v. Calvert*, 456 S.W.2d 202 (Tex.Civ.App.—Austin 1970, no writ).

■ The Comptroller, the Treasurer, and the Attorney General have correlative statutory duties for the collection, preservation and disbursement of the taxes in question. By providing in the statute that plaintiff's suit "shall be brought" against those officials, did the Legislature intend that all three must be joined as defendants within the 90-day period provided for bringing the suit in order to invest the court with jurisdiction? We hold that it did.

In *Lambeth v. Texas Unemployment Compensation Commission*, 362 S.W.2d 205 (Tex.Civ.App.—Waco 1962, writ ref'd n.r.e.) this court faced a similar problem under the terms of Vernon's Tex.Civ.St. Art. 5221b–4(i). That statute provides that an aggrieved party may obtain judicial review of a decision of the Unemployment Compensation Commission by commencing an action against the Commission within 10 days after the decision has become final "in which action any other party to the proceeding before the Commission shall be made a de-

fendant." Lambeth commenced suit against the Commission within the 10-day period, but first joined his employer as a party by amended pleading after the 10-day period had expired. The trial court dismissed the suit for want of jurisdiction. On appeal, this court interpreted the statute "to mean that the action must be commenced against the parties prescribed by its terms within 10 days after the decision becomes final in order to confer jurisdiction on the court." Accordingly, the dismissal was affirmed.

See also, *Texas International Airlines v. Texas Alcoholic Beverage Commission*, 566 S.W.2d 693, 695 (Tex.Civ.App.—Austin 1978, no writ) in which the Austin Court of Civil Appeals indicated that if faced with the question before us it would rule as we have ruled.

Plaintiff presents other contentions for relief which are also without merit. They are overruled.

The judgments are affirmed.