

# The Attorney General of Texas

May 25, 1979

ARK WHITE
torney General

>reme Court Building
) Box 12548
stn, TX 78711
/475-2501

Commerce, Suite 200
las, TX 75202
/742-8944

( Alberta Ave. Suite 160
'aso. TX 79905
/533-3484

Main, Suite 610
ston, TX 77002
228-0701

Broadway, Suite 312
>ock, TX 79401
747-5238

I N Tenth, Suite F
len, TX 78501
682-4547

Main Plaza, Suite 400
Antonio, TX 78205
225-4191

qual Opportunity/
native Action Employer

Honorable Chet Brooks, Chairman
Senate Committee on Human Resources
Senate Chamber
Austin, Texas 78711

Opinion No. MW-24

Re: Constitutionality of legislation to permit the Department of Human Resources to represent the state in court in child support collection cases.

Dear Senator Brooks:

You have asked whether a staff attorney employed by the Department of Human Resources may constitutionally be given the statutory authority to represent the department in litigation seeking child support collection. The bill, Senate Bill 898, as introduced, would provide:

> Attorneys employed by the Texas Department of Human Resources may represent the department in any suit to collect child support or determine paternity brought under the authority of [art. 695c, § 18-B, V.T.C.S.]: At the request of the Texas Department of Human Resources, the Attorney General shall represent the department in any appeal of a suit brought under the authority of this section.

The legislation would also amend section 11.20 of the Texas Family Code and provide:

> At the request of the Texas Department of Human Resources, the county or district attorney of the county in which the suit is filed or transferred or the attorney general shall represent the department in any suit brought under Subtitles A and C of this title [of the Family Code].

A constitutional question has arisen in light of provisions of the Texas Constitution. Article 4, section 22 provides:

> Sec. 22. The Attorney General . . . shall **represent the State in all** suits and pleas in the Supreme Court of the State in which the State may be a party, and shall especially inquire into the charter rights of all private corporations, and from time to time, in the name of the State, take such action in the courts as may be proper and necessary to prevent any private corporation from exercising any power or demanding or collecting any species of taxes, tolls, freight or wharfage not authorized by law.   He shall, whenever sufficient cause exists, seek a judicial forfeiture of such charters, unless otherwise expressly directed by law, and give legal advice in writing to the Governor and other executive officers, when requested by them, <u>and perform such other duties as may be required by law</u>. . . . (As amended Nov. 2, 1954, and Nov. 7, 1972.)

(Emphasis added).  Article 5, section 21 provides:

> Sec. 21. . . . The County Attorneys shall represent the State in all cases in the District and inferior courts in their respective counties; but if any county shall be included in a district in which there shall be a District Attorney, the respective duties of District Attorneys and County Attorneys shall in such counties be regulated by the Legislature. . . .

The conclusion drawn from a long history on case law indicates that the above officials alone have the constitutional authority to represent the state.  <u>Hill v. Texas Water Quality Board</u>, 568 S.W.2d 738 (Tex. Civ. App. -  Austin 1978, writ ref'd n.r.e.); <u>Brady v. Brooks</u>, 89 S.W. 1052 (Tex. 1905); <u>Agey v. American Liberty Pipeline Co.</u>, 172 S.W.2d 972 (Tex. 1943); <u>Adamson v. Connally</u>, 112 S.W.2d 287 (Tex. Civ. App. -  Eastland 1937, no writ); <u>Allen v. Fisher</u>, 9 S.W.2d 731 (Tex. 1928); <u>Hancock v. Ennis</u>, 195 S.W.2d 151 (Tex. Civ. App. -  San Antonio 1946, writ ref'd n.r.e.); Attorney General Opinion M-856 (1971).  However, this construction of the constitution does not require the Attorney General, district or county attorney, or authorized assistants, always to sign court papers as attorney of record and actually litigate the suit in court.

The constitution gives the Attorney General authority to represent the department.  He cannot constitutionally be deprived of his authority to control the litigation.  <u>See State v. Moore</u>, 57 Tex. 307 (1882).  So long as the Attorney General has continuing authority to intervene and control the lawsuit, the proposed legislation is constitutional.  <u>Maud v. Terrell</u>, 200 S.W. 375 (Tex. 1918); <u>Charles Scribner's Sons v. Marrs</u>, 262 S.W. 722 (Tex. 1924); General Appropriations Act, Acts 1977, 65th Leg., ch. 872 at 2777.  Representation by the department's staff attorneys would be construed to be with the implicit consent of the Attorney General.  <u>See</u> V.T.C.S. art. 695c, SS 18-B(b)(3), (e); General Appropriations Act, Acts 1977, 65th Leg., ch. 872, art. V, S 41, at 3160 (court representative of the state) and S 42, at 3161 (permitting outside counsel); <u>Taylor v. Texas Department of Public Welfare</u>, 549 S.W.2d 422 (Tex. Civ. App. - Fort Worth 1977, writ ref'd n.r.e.) (untimely objection that representation by department attorney violated article V, section 21);

Postell v. Texas Department of Public Welfare, 549 S.W.2d 425 (Tex. Civ. App.   Fort Worth 1977, writ ref'd n.r.e.); cf. Collins v. State, 506 S.W.2d 293 (Tex. Civ. App.   San Antonio 1973, no writ); Attorney General Opinion M-249 (1968).

The court in Maud v. Terrell upheld a statute which permitted the Comptroller to employ a person to handle suits for state inheritance taxes. The court said:

> The test, therefore, to be used in determining the validity of this Act is simply whether by plain and unambiguous language it deprives the county attorneys . . . of their authority to prosecute in the courts suits by the State for the recovery of inheritance taxes.
>
> . . . .
>
> [The provisions of the statute] do not unequivocally supplant the county attorneys . . . in their authority to prosecute the suits of the State for the recovery of the taxes. . . .

Id. at 376-377. The court went on to say that the statute in question did not "exclude the idea that [prosecution of the law suit] shall be in subordination to the authority of the county attorney." Id. at 377. See also Attorney General Opinion M-866 (1971). We feel the court's reasoning to be equally applicable here.

The constitutional authority of the Attorney General to represent the state cannot be diminished by the proposed legislation. The committee substitute indicates that the Act is not to be interpreted to limit the authority of the Attorney General to represent the state in any proceeding. Accordingly, we believe the proposed statute is constitutional. Our decision makes it unnecessary to discuss the concurrent authority of county or district attorneys to represent the state in district or inferior courts. See Magnolia Petroleum Co. v. State, 190 S.W.2d 581 (Tex. Civ. App. – Austin 1945, no writ); State Board of Dental Examiners v. Bickham, 203 S.W.2d 563 (Tex. Civ. App. – Dallas 1947, no writ); Garcia v. Laughlin, 285 S.W.2d 191 (Tex. 1955); Moore v. Bell, 66 S.W. 45 (Tex. 1902); State v. Moore, supra; Sheppard v. Alaniz, 303 S.W.2d 846 (Tex. Civ. App. San Antonio 1957, no writ); State v. Walker-Texas Investment Co., 325 S.W.2d 209 (Tex. Civ. App. — San Antonio), writ ref'd per curiam, 328 S.W.2d 294 (Tex. 1959); Attorney General Opinion H-343 (1974).

Attorney General Opinion C-782 (1966) is overruled to the extent that it is inconsistent with this opinion.

### S U M M A R Y

> Staff attorneys for the Department of Human Resources may constitutionally represent the department in court subject to supervisory control of the Attorney General.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by David B. Brooks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
David B. Brooks
Susan Garrison
Rick Gilpin
William G Reid
David Young
Bruce Youngblood