**TEXAS ALCOHOLIC BEVERAGE COMMISSION, Appellant,**

v.

**Nev. H. WILLIAMS, d/b/a Julio's Caravan, Appellee.**

**No. 08–87–00131–CV.**

Court of Appeals of Texas, El Paso.

Feb. 10, 1988.

Anthony Aterno, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, for appellant.

Mitchell Esper, Law Offices of Esper & Esper, El Paso, for appellee.

Before OSBORN, C.J., and SCHULTE and WOODARD, JJ.

## OPINION

WOODARD, Justice.

This is an appeal from a trial court order nullifying the Texas Alcoholic Beverage Commission's September, 1986 suspension of a mixed beverage permit. The summary suspension was based on the permittee's failure to pay assessed taxes ensuing from a business audit done on the permittee by the commission. We reverse.

Appellant Commission attacks the trial court's jurisdiction over the matter. Article 11.67, Tex.Alco.Bev.Code Ann. provides for a review by a district court of the county of the permittee's residence. The jurisdiction of the reviewing court is limited to consideration of whether the Commission acted within the scope of its delegated authority. *Texas Liquor Control Board v. Warfield,* 110 S.W.2d 646 (Tex.Civ.App.—Waco 1937, no writ), construes a similar prior statute.

Article 202.14, Tex.Alco.Bev.Code Ann. provides that the Commission may sum-marily suspend, without a hearing, a permittee's license if he fails to make tax payment assessed by the Commission from all the records available. It further provides for the termination of the suspension if the payment, plus any lawful penalty, is paid.

Article 112.051, Tex.Tax Code Ann. (Vernon 1982) provides that payment of the tax is a prerequisite to the legal protest of the tax. The fundamental support of this statute comes from the rule of law that a state cannot be sued without its consent, "and then only in the manner, place, and court or courts designated." *Paris Milling Company v. Bullock,* 583 S.W.2d 487 (Tex.Civ. App.—Waco 1979, no writ). Article 112.-001, Tex.Tax Code Ann., vests the courts of Travis County with the exclusive and original jurisdiction of suits of this nature. *Calvert v. Hall,* 514 S.W.2d 778 (Tex.Civ. App.—Austin 1974, writ dism'd).

The trial court had jurisdiction to determine matters such as if a tax was assessed, if the permit was summarily suspended within the proper time limits with required notice, and if there was no interim payment of the amount assessed by the permittee to terminate the suspension. These matters were not at issue. The court did not have jurisdiction to litigate the accuracy of the underlying audit for the assessed taxes.

Judgment of the trial court is reversed, and the Appellee is to take nothing.